## THOMAS McCLELLAND, Administrator, etc., Respondent *v.* JAMES L. and DANIEL O. DICKENSON, Appellants.

1. Appellate Court can Order Papers Brought Up.—Where there are various orders affecting the judgment in the court below, this court will not allow the appellant to take an unfair advantage of respondent by appealing from the judgment alone, but will order all such records to be certified up, notwithstanding they form no part of the judgment roll.

[Boreman, dissenting.]

2. Right of Possession in Administrator.—An administrator can maintain an action in ejectment, notwithstanding he has obtained the legal title to the premises and deeded the same to the heirs of his intestate.

3. Good Faith of Litigants.—Parties to a suit, after they have received the benefits of a compromise, will not be allowed to repudiate their agreement and retain the money paid them.

4. Judgment Presumed Correct.—When no question can arise as to what the rights of the plaintiff are upon the record itself, and when it would not have been in the power of the court to render a different decision without error, an omission to state that right, or to render that judgment properly upon the record, will be regarded as only a clerical omission.

Appeal from the Third Judicial District Court.

The facts appear in the opinion.

*E. D. Hoge*, for appellants.

The administrator is a proper party when he has title, but not after distribution or conveyance to heirs. *Curtis* v. *Cutler*, 15 Cal. 259; *Meeks* v. *Halm*, 20 Cal. 620.

The statute which gives possession and control of real property of deceased to administrator, only applies to cases arising since the statute was passed. *Soto* v. *Kroder*, 19 Cal. 87, pp. 97, 98; *Coppinger* v. *Rice*, 33 Cal. 423; *Dawner* v. *Smith*, 24 Cal. 114; *People* v. *Senter*, 28 Cal. 515.

We claim that the complaint not only fails upon its face to show a cause of action for the want of proper averments, but

it conclusively appears from affirmative allegations appearing upon the face of the complaint that there is no cause of action.

A judgment that is not supported by the pleadings is as totally defective as one which is not sustained by the evidence. *Bachman* v. *Sepulvida*, 39 Cal. 688; *Shepard* v. *McNeil*, 38 Cal. 72; *Gregory* v. *Nelson*, 41 Cal. 278.

When the complaint shows no cause of action, a judgment by default can no more be taken than it can be over a general demurrer. *Abbe* v. *Marr*, 13 Cal. 210.

A judgment rendered upon a complaint radically defective may be treated as a nullity. *Reynolds* v. *Harris*, 9 Cal. 338; *Garner* v. *Marshall*, 9 Cal. 269; *Hentsel* v. *Porter*, 10 Cal. 555.

*Gee & Fishback* for respondent.
No brief on file.

EMERSON, Justice, delivered the opinion of the court:·

The first point made in this case relates to a question of practice on appeal.

The appellants appeal from the judgment alone making no statement on appeal.

This appeal brought up the judgment roll alone. In this court the respondent suggests a diminution of the record, and claims that there are files and entries made and entered in this case in the court below, showing certain steps and proceedings resulting in a judgment by consent, and moves that they be supplied and made a part of the record in the case in this court.

The appellants resist this motion, on the ground that their appeal is from the judgment alone, and consequently nothing but the judgment roll can be reviewed in this court.

There can be no difference of opinion as to what properly constitutes the judgment roll. The statute is plain and specific upon that; the papers and orders mentioned in the motion form no part of the judgment roll proper.

Nor can there be any difference of opinion but that an appeal from a judgment without any statement simply brings up the judgment roll.

In the case at bar, so far as the appellants are concerned, their appeal brings up the judgment roll alone. But the respondent is not responsible for the appeal; he does not wish it; it is brought against his wish; he is satisfied with the judgment as it stands. Is he bound to submit to what the appellants may dictate, by the course they choose to pursue?

If there are on the record, and among the files of this case in the court below, other matters than the judgment roll, showing the orders of the court, and the steps taken resulting in the judgment, and materially affecting it, must these be be kept entirely out of sight and beyond the reach of the appellate court, and the appellants be thus allowed to take an unfair advantage of both the lower court and the respondent, by appealing from the judgment and making no statement on appeal?

The rules of practice are not designed for any such purpose.

If the appellants had made a statement on appeal and had failed to fairly state the conditions of the case in the court below, the respondent could then have remedied the defect by an amendment to such a statement. But in the entire absence of a statement there is nothing to amend, and the only course left was for the respondent to move in this court, or a submission to the wrong sought to be imposed upon him in this court. The motion is allowed.

The point made in the case is that the complaint does not state facts sufficient to make a cause of action.

The complaint is in ejectment, and sets out the death of the plaintiff's intestate; his own appointment as administrator; the possession of the decedent of the *locus* for a number of years and until his death; the possession of the heirs since; that the plaintiff obtained, while he was administrator, the legal title of the premises, and has deeded it to the heirs, and that he is, as such administrator, entitled to the possession, and

alleges an ouster by the defendants of a portion of the premises, to recover possession of which the action is brought, claiming damages for the unlawful withholding. The appellants answered, and subsequently it would seem, upon some sort of a compromise, a stipulation was entered into between the appellants and respondent, and filed in the case, in which the appellants agreed that upon the payment to them of $400, they would withdraw their answer and consent that the respondent should take a judgment for the recovery of the premises, but not for damages for the withholding.

Counsel for both parties appeared in court, and in accordance with the stipulation the appellants asked and obtained leave to withdraw their answer. The respondent then caused the default of the appellants to be entered, and took the judgment as agreed upon.

The complaint is artificially drawn, and contains some statements which are clearly superfluous. It is somewhat vague and uncertain in relation to the premises and ouster, and would have been bad on demurrer for uncertainty, but is good unless demurred to. 25 Cal. 82.

There was no necessity of stating in the complaint the fact of the respondent's procuring the legal title, and deeding to the heirs. Still this statement does not affect his right to recover. He states in substance, that he is still administrator of the estate, and as such is, under the law of this Territory, entitled to the possession of the estate.

The fact of his giving the deed to the heirs does not change this right. If the legal title had been in the decedent it would, at his death, have descended at once to the heirs, and still the administrator's right to the premises would have been the same. But however this may be, we think the course taken by the appellants amounted to a release of all errors, and they ought not, with the money paid them by the respondent in their pockets, to be allowed to repudiate their agreement. But it is claimed that the judgment was taken by

default when it should have been by consent, and a point is sought to be made upon this.

As soon as the answer was withdrawn, the appellants were in default for want of an answer.

It is proper to state here that on this appeal the answer is not considered, and serves no purpose in the case, except to show the fact that an answer was put in and afterwards withdrawn, as a part of the history of the case.

The judgment incorrectly recites that the appellants were in default for want of an appearance as well as an answer, as their appearance was never withdrawn. But this is unimportant, and even if it were otherwise, this court will treat the judgment as if amended in accordance with the facts.

All parts of the record should be construed together with reference to the jurisdiction and the known and established practice and course of proceedings of the courts. When no question can arise as to what the rights of the plaintiff are upon the record itself, and when it would not have been in the power of the court to render a different decision without error, an omission to state that right, or to render that judgment properly upon the records, can be regarded as nothing but a clerical omission, and it is not only amendable, of course, at any time, but in reading the same it should be considered as supplied, whether actually corrected or not. *Emery* v. *Whitwell*, 6 Mich. 414, and cases there cited.

The judgment of the court below is affirmed, with costs.

SCHAEFFER, C. J., concurs.

BOREMAN, J., delivered the following dissenting opinion:

On the application of the respondent to supply the record, the court granted the order. I could not agree with the majority of the court in the allowance of that motion, and I cannot now agree with them in considering matters outside of the judgment roll, nor in the final conclusion reached upon the whole case.

The judgment roll shows that the respondent brought suit, as administrator, for possession of a parcel of a ground. An answer was filed and then withdrawn by leave of court. Thereafter there was a judgment for the respondent in default of answer. From this judgment defendant below has appealed to this court.

There are but two questions necessary to be referred to in the case:

*First.* Can this court consider matters outside of the judgment roll when the appeal is from the judgment and there is no statement? I had considered that question long since settled under similar codes of practice, and even in this Territory at least as far back as 1873, in the case of *Hussey* v. *Smith*, 1 Utah, 129.

These extraneous matters brought here upon the suggestion by respondent, of a diminution of the record, consist of an answer which was filed and afterwards withdrawn by the party filing it, also the defendant's instructions to withdraw answer and to consent to judgment, also the defendant's motion to withdraw answer, also the order of the court allowing the withdrawal, the defendant's entry of consent for judgment, the order of court confirming the judgment as entered, the motion of defendant to vacate judgment, and the order of court denying such motion. If we should consider these outside matters the case would not be altered. The judgment *as entered* was confirmed. The defendants consented to the entry of a judgment by consent, but this was never done, but instead thereof a judgment by default was entered. The respondent had full opportunity to have his judgment corrected in the court below, when the appellant moved the court to vacate. Had he consented to the vacating, such other judgment as was proper could have been entered.

We have here the novel spectacle of a party having a judgment which he objects to having disturbed by appeal, but in the same breath says that it is not correct, and that he never asked for nor wanted such a judgment. Who is to blame for

all this? If a party has a judgment which is not supported by his complaint, it would seem very strange that this court should allow it to stand, there being no exception to the time or manner of appeal.

The majority opinion of the court very properly admits that nothing but the judgment roll can be considered, and that none of the papers, orders or pro ealings which respondent asks to be recognized and considered as part of the record, are a part of the judgment roll. Yet notwithstanding such admission, the court, in the majority opinion, does recognize and consider these extraneous matters as part and parcel of the judgment roll, and the judgment is one of default. The statutes nowhere contain any passage, section or clause countenancing such a thing, and I do not think that one solitary respectable authority can be shown favoring it, under a practice act similar to ours in regard to what constitutes the judgment roll, when the judgment is by default. Compiled Laws, 1428, p. 457.

If we deem, or could deem, the judgment any other than a judgment in default of answer, yet none of these extraneous matters could be considered under the statutes, unless they could be brought here by statement, and that is not done. Compiled Laws, 1428, p. 457.

The second clause of the section referred to, provides that "in all other cases" (aside from judgments in default of answer) the judgment roll shall consist of the "summons, pleadings, verdict of the jury or findings of the court, the commissioner or referee; all bills of exceptions taken and filed in said action, copies of orders sustaining or overruling demurrers, a copy of the judgment, and copies of any order relating to a change of parties." None of the matters which respondent asks to have considered as a part of the record, and which this court has in the majority opinion considered as such, can be included under either of the specifications or classes designated in that second clause just quoted, unless possibly that the answer might be included under the head of

"pleadings." The answer after withdrawal is no longer a pleading in the case. If the answer remained as a pleading, then the judgment could not have been in default of answer. The judgment appealed from is, upon its face, one in default of answer, and not upon the answer, and we are bound by the judgment as we find it. The answer, after withdrawal, although no part of the pleadings, remains with the files of the case in the court below, yet not as a part of the record, but merely as a part of the history of the case. The respondent has taken no exceptions in the court below to anything done there, and he has taken no appeal. He cannot complain if he has not taken such judgment as he wishes he had done. He is bound by it, but the opposite party is not.

It is said, however, that under section 1561 of the Compiled Laws, all of the *orders* amongst these outside matters can be considered by this court. That section reads as follows:

"(1561.) Sec. 336. Upon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment." The only "intermediate order" which respondent asks us to consider is an order "allowing the withdrawal of the answer." Such an order does not "involve the merits" nor "affect the judgment." But assuming that it did in fact "involve the merits" and "affect the judgment," yet we could not consider it unless we utterly disregard all rules which should govern in such cases. The section referred to (§ 336) presupposes a statement in the case, for otherwise it is not in harmony with the other sections of the statute which show what can be sent to this court when there is no statement. The only mode pointed out in the statute whereby this court can review intermediate orders, is to bring them into the record by a statement. *Harper* v. *Minor*, 27 Cal. 107; *Wetherbe* v. *Carroll*, 33 Cal. 549.

It is said that these matters, presented by the respondent, may be considered by the court under the eighth rule of the court. That rule expressly applies to only cases where there

is shown to be some "error or defect in the transcript."
Nothing of the kind has been shown here, nor attempted to
be shown. The transcript contains all that the law says it
shall contain, and these extraneous papers, orders, etc., can in
no view of the case, as I consider, be treated as a part of the
record.

It is said that the refusal of this court to consider the
papers, etc., referred to, would work a hardship upon the res-
pondent. This is impossible. If he does not have a good
judgment he alone is to blame,—it is his judgment. Certainly
the defendant will not be punished for the respondent's neg-
lect of his own business. And, besides, the respondent cannot
justly complain, for he had the opportunity, upon his own
showing, to have the judgment reopened, but refused to do so.

Upon the merits of this case there is but one question to
consider: Does the complaint support the judgment?

The respondent sues as administrator of the estate of
Charles Roger, deceased, and in the complaint alleges, amongst
other things, "that Charles Roger, late of Salt Lake City, Salt
Lake County, Territory of Utah, was at and before his death,
an inhabitant of said City of Salt Lake, and as such, with his
family, occupied and resided upon the north half (N. ½) of lot
four, and all of lot five, in block forty (40), as platted in plat
'A,' Salt Lake City survey, and was the owner of said prem-
ises, and was at the time of his death in possession thereof,
and held the same as a homestead. That on the 20th day of
August, 1877, the plaintiff obtained the legal title in trust for
the heirs of said deceased to the said described north half of
lot four (4) in block forty (40), as platted in plat 'A,' Salt Lake
City survey, and on the      day of March, 1878, the plaintiff
conveyed, by good and sufficient deed, the said described
premises to the heirs at law of said Charles Roger, deceased,
and they are seized in fee of said premises."

Assuming that, under our peculiar statute, the adminis-
trator has the right to sue for the possession of the property
of the intestate, yet this complaint shows that he is not suing

for the possession of the property of the deceased, but for the possession of the property of the "heirs at law." It states the respondent out of court. It is not sufficient to say that the allegations referred to were unnecessary, and can be treated as surplusage. Surplusage is something immaterial and not affecting the merits of the case. The allegation that the title was conveyed to the heirs, and that they now are seized in fee of the premises goes to the very foundation of the action; and as we must deem it true, the contrary not appearing, on the respondent's own showing he has no case.

For the reasons which I have thus stated, at some length on account of the importance of the rules involved, I am unable to unite with the majority of the court in affirming the judgment, but consider that it ought to be reversed.