## THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. DAVID FENNEL, APPELLANT.

PRACTICE—NOTICE OF APPEAL.—An appeal in a criminal case will be dismissed, unless the record shows that the notice of appeal was duly served and no evidence *dehors* the record will supply its failure. *The People, &c.,* v. *Gough,* 2 *Utah* 69, followed.

MOTION to dismiss an appeal.

*Mr. W. H. Dickson,* for the motion.

*Mr. Arthur Brown, contra.*

BOREMAN, J.:

The appellant was convicted of murder in the second district court, and sentenced to imprisonment in the penitentiary for a term of years. From that judgment he brings the case to this court. The prosecution filed two motions to dismiss the appeal, the first of which alone it will be necessary for us to consider. The ground of the first motion is that no appeal was taken as required by law, as it does not appear from the transcript that any

notice of appeal was ever served upon the attorney for the people. The criminal practice act, Laws of Utah, 1878, p. 139, provides as follows:

"Sec. 363. An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party."

Two things are required by this section to be done before an appeal is perfected, namely:

1st. The filing of the notice of appeal with the clerk of the court below, and

2d. The serving a copy of such notice upon the attorney of the adverse party.

The transcript shows that notice of the appeal was filed with the clerk of the court below, but fails to show any service of the notice upon the attorney for the people. The record should show this. It is now offered to supply in this court the proof of this service. We cannot receive such proof. This court can only learn from the record whether an appeal has been taken or not. Nothing outside the record can be shown in this court to supply the defect.

This same question was before this court on a former occasion, in the case of *The People, etc.,* v. *Gough,* 2 *Utah,* 69, and it was then held that the failure of the transcript to show the service of the notice of appeal upon the attorney of the people was fatal, and that the proof of such service could not be supplied in this court. We see no reason to change that ruling.

The motion to dismiss the appeal is sustained.

ZANE, C. J., concurred.

POWERS, J., dissenting:

In this case the transcript shows that notice of appeal was filed with the clerk of the lower court within the time allowed by law, but it does not show that a copy was served upon the district attorney or his assistant. Therefore a motion to dismiss the appeal is made by the district attor-

ney under the provisions of the criminal practice act: Laws of Utah, 1878, p. 137; which provides that "an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney for the adverse party." The criminal practice act, sec. 370, also provides that "if the appeal is irregular in any substantial particular, but not otherwise, the appellate court may, on any day in the term, on motion of the respondent, upon five days notice, accompanied with copies of the papers upon which the motion is founded, order it to be dismissed."

On the hearing of this motion, it was admitted that service of a copy of the notice of appeal upon the proper person had actually been made in due time, but that there had been a failure to file proof of service.

Under such a state of facts, it is a hardship to dismiss the appeal upon a bare technicality, particularly when the appellant is convicted of murder and sentenced to a long term of years. The law gives him a right to have his case reviewed by this court, and we should be careful how we defeat that right by a too rigid application of the rules of practice. The notice of appeal that must be filed with the clerk, is the claim of appeal. The copy which is required to be served is merely for the purpose of notifying the opposite party. In this case the copy was in fact served, so that no one has been misled. The district attorney has heretofore been in court and agreed that this case be set for a day certain, so it is plainly seen that the people have not been injured by this error.

A petition for a rehearing having been filed, the following decision was rendered thereon:

Boreman, J.:

The appeal in this case having been dismissed at the present term, the appellant petitions for a re-hearing.

The petition refers the court to an unreported case of *Campbell et al.* v. *Taylor et al.*, decided when neither of the present members of the court were on the bench, and

refers also to the case of *McClelland* v. *Dickinson,* 2 Utah, 100.

In neither of these cases did the questions raised go to the jurisdiction of the court. It is well settled by long practice and repeated decisions that in criminal cases the court must learn from the record and not from extraneous matters whether it has jurisdiction or not: *People* v. *Clark,* 49 Cal., 455.

The alleged harshness of the rule was duly considered, but that is not to control where the rule is one of long standing and well known to the bar.

But the petitioner further asks that he may now be allowed to make proof of service in the lower court, and have the same certified up by the clerk and added to the transcript. No reason is offered why this request was not made at the hearing of the motion to dismiss the appeal. It is a late day, after an appeal has been dismissed out of court, for a party to come back again and ask to be allowed to send to the court below and perfect his appeal. That is something he should have thought of before the motion to dismiss the appeal was disposed of. The court cannot consent that a party may sit by and wait until the motion is decided against him and then make his request. By such a practice a case would be almost endless in its career. Whether the request would have been granted or not, if it had been made at the proper time, it is not necessary now to consider. It is sufficient to say that it was not made and no reason is given why it was not made.

A rehearing will not be granted in any case, except for strong reasons, but in this petition nothing is urged that was not fully available upon the former hearing.

The petition for a rehearing is denied.

Zane, C. J., concurred.

Powers, J., expressed no opinion.