**The STATE of Utah, Plaintiff and Respondent,**

v.

**Lorin Walter PARRY, Defendant and Appellant.**

**No. 20343.**

Supreme Court of Utah.

Feb. 28, 1986.

Suzan Pixton, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The defendant appeals from convictions of aggravated burglary, aggravated assault, and forcible sexual abuse on the grounds that he was denied (1) the right to be present at a pretrial conference, (2) his Sixth Amendment right to a speedy trial, and (3) his constitutional right to effective assistance of counsel.

Since the resolution of these issues is not dependent on the facts of the crimes for which the defendant was convicted, we forego setting them out.

On August 1, 1984, the defendant's preliminary hearing was held, and he was arraigned in the district court August 10, 1984. At the time of the arraignment, the trial judge set a scheduling conference for August 13, at which the final pretrial conference was scheduled for September 4 and the trial for September 11. The pretrial conference took place as scheduled, and the case was set in the third position on the court's calendar for trial on September 11. The defendant was not in attendance at the September 4 conference.

The trial judge struck the defendant's case from the September 11 trial calendar because his counsel, who had also been assigned the defense of another criminal case set for trial the same day, had requested the court to try the other case on that day instead of the defendant's. On that same day, the defendant filed a pro se motion asking the trial court to appoint a different attorney from outside the public defender's office. On September 11, the trial court wrote the defendant a letter to inform him that the judge had appointed another attorney to represent the defendant, although that attorney was from the public defender's office, and that a second scheduling conference had been set.

The second scheduling conference was held September 17, and a second trial date was set for October 16, 1984. At a hearing on September 24, 1984, the defendant's pro se motion to dismiss was denied by the trial court, and his attorney's motion for discovery was granted. A final pretrial was held October 11, 1984, at which the defendant was not in attendance. On October 16, the second trial date set, the defendant's new counsel was scheduled to try another case before a different judge, and the trial was rescheduled for November 7, 1984. On that day, trial was held and the defendant was convicted on all three counts.

The defendant asserts that he had a right to be in attendance at the September 4 pretrial conference pursuant to Rule 13 of the Utah Rules of Criminal Procedure, also designated U.C.A., 1953, § 77–35–13(a) (1982 ed.), which provides that a trial court may hold a pretrial conference in criminal matters and that the "accused shall be present unless he waives his right to appear." He further asserts that had he been in attendance, he would have objected to the continuance of the trial date, and the failure of the court to afford him that right requires a reversal of his convictions. We disagree.

Rule 13 provides an important right which the trial court should take care to implement. However, the defendant has alleged no prejudice as a result of his absence from the pretrial conference or even that any matters were considered or ruled upon that affected the outcome of the trial or even the manner in which the case was tried. For all that appears, the conference

■■■■■■■■■■■■■■■■■■■■■■■

was a scheduling conference, and nothing more. The defendant has not shown that he sought a rescheduling of the pretrial conference, that he had a particular reason for attending, or that prejudice resulted from his absence. Dismissal is clearly not appropriate. If a defendant can show a particular reason for being present at a pretrial conference and some prejudice as a result of his absence, the appropriate remedy in most cases, when a timely and appropriate objection is made, is to reschedule the conference so that the defendant can attend.

■■■ The defendant's second contention on appeal is that he was denied his right to a speedy trial because his trial date was initially scheduled 32 days after arraignment, rather than within the 30-day period provided in U.C.A., 1953, § 77–1–6(h) (1982 ed.). The 30-day statutory period is, however, specifically conditioned upon whether "the business of the court permits" the trial to be set within the 30-day time limit.

There is nothing in the record that indicates that the trial setting for two days beyond the 30-day limit was for any reason other than to accommodate the "business of the court." In dealing with a matter so minor as a two-day deviation, we will not presume either prejudice or a lack of regularity in the court's proceedings. The defendant has not even argued that the minor delay was prejudicial.[1]

The defendant's contention that he was denied the effective assistance of counsel is frivolous.

Affirmed.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

1. We are aware that prejudice from delay may be very real, although not provable, because of such intangible factors as the fading of witness' memories, the staleness of other evidence, and the like. Where a violation of the speedy trial rule is substantial because of a significant delay, we may be required to assume prejudice.