1999 UT App 050

**Richard DEAN, Petitioner,**

v.

**The Honorable Stephen L. HENRIOD, Respondent.**

**No. 981710-CA.**

Court of Appeals of Utah.

Feb. 25, 1999.

Joan C. Watt and Matthew G. Nielsen, Salt Lake Legal Defender Ass'n, Salt Lake City, for Petitioner.

Brent M. Johnson, Salt Lake City, for Respondent.

Jan Graham , Atty. Gen., and Norman E. Plate, Asst. Atty. Gen., Salt Lake City, for Amicus Curiae Utah Attorney General.

Before Judges BENCH, BILLINGS, and JACKSON.

## OPINION

BENCH, Judge:

¶ 1 Pursuant to Rule 65B of the Utah Rules of Civil Procedure and Rule 19 of the Utah Rules of Appellate Procedure, petitioner Richard Dean asks this court for an extraordinary writ ordering respondent, a judge of the Third District Court, to reinstate petitioner's appeal from a conviction in Salt Lake County Justice Court. We grant the petition.

## BACKGROUND

¶ 2 Following a bench trial in justice court, Dean was convicted of shoplifting. Dean appealed this conviction to the district court, requesting a trial de novo as authorized by statute. *See* Utah Code Ann. § 78–3–4(5) (Supp.1998) ("The district court has appellate jurisdiction to adjudicate trials de novo of the judgments of the justice court ...."); *id.* § 78–5–120 (Supp.1998) (providing "[a]ny person not satisfied with a judgment rendered in a justice court ... is entitled to a trial de novo in the district court"). The district court case was assigned to respondent, who scheduled a pretrial conference. When Dean did not appear, respondent continued the pretrial conference to the following month.

¶ 3 The next month, Dean again failed to appear at the pretrial conference. Respondent properly issued a bench warrant for Dean's arrest. However, respondent went on to dismiss the appeal and remand the case to the justice court for further proceedings. Dean then filed a motion to reinstate the appeal in the district court, which respondent denied. Dean now petitions this court to order respondent to reinstate his appeal and to conduct the required trial de novo.

## STANDARD OF REVIEW

¶ 4 This case is an original proceeding in this court challenging a judicial action under Rule 65B of the Utah Rules of Civil Procedure. Therefore, our scope of review is limited and "shall not extend further than to determine whether the respondent has regularly pursued [his] authority." Utah R. Civ. P. 65B(d)(4); *see also Petersen v. Utah Bd. of*

*Pardons,* 907 P.2d 1148, 1152 (Utah 1995) ("The extraordinary writs do not, however, authorize [appellate courts] to exercise the same scope of review as may be exercised pursuant to statutory appeals."). Accordingly, we limit our review of respondent's actions to deciding whether or not he regularly exercised his authority. *See State v. Stirba,* 359 Utah Adv. Rep. 25, 25–26, 972 P.2d 918, 920 (Utah Ct.App.1998).

## ANALYSIS

■ ¶ 5  As a preliminary matter, amicus curiae Utah Attorney General (amicus) argues that Dean did not comply with Rule 26(1) of the Utah Rules of Criminal Procedure in filing his appeal. Rule 26(1) provides:

> An appeal is taken by filing with the clerk of the court from which the appeal is taken a notice of appeal, stating the order or judgment appealed from, and by serving a copy of it on the adverse party or his attorney of record. Proof of service of the copy shall be filed with the court.

Utah R.Crim. P. 26(1).

¶ 6  Amicus asserts that respondent properly dismissed the appeal because there is no record evidence that Dean served the notice of appeal on the district attorney. In support of this argument, amicus relies on *People v. Fennel,* 4 Utah 112, 113, 7 P. 525 (1885), which held that dismissal of an appeal was appropriate when the record did not show that the notice of appeal was served on the district attorney.

¶ 7  However, the parties never raised noncompliance with rule 26(1) in the petition to this court. Furthermore, the issue was never urged in the district court. The district attorney appeared at the proceedings in district court without objection, and respondent did not dismiss the appeal based on lack of service. Thus, "[c]onsistent with the well-settled rule that an amicus brief cannot extend or enlarge the issues on appeal, we have only considered those portions of the amicus brief that bear on the issues pursued by the parties to this appeal." *Madsen v. Borthick,* 658 P.2d 627, 629 n. 3 (Utah 1983) (citations omitted). Accordingly, we decline the invita-

tion of amicus to affirm the district court's actions in this writ proceeding on alternative grounds.

■ ¶ 8  Dean asserts that issuing an extraordinary writ is an appropriate remedy in this case because under Rule 65B(d)(2) of the Utah Rules of Civil Procedure: (A) respondent abused his discretion when he dismissed the appeal in violation of Utah Code Ann. § 78–5–120 and Rule 26(12) of the Utah Rules of Criminal Procedure; (B) respondent failed to conduct a trial de novo as required by law as a duty of his office; and (C) respondent refused Dean's right to appeal. *See* Utah R. Civ. P. 65B(d)(2)(A)-(C). Dean argues that because section 78–5–120 does not permit an appeal to this court from cases originating in justice court unless the constitutionality of a statute is raised, he has " 'no alternative course to follow' and thus Rule 65B 'provides the . . . sole means to obtain a "plain, speedy and adequate remedy" for the district court's alleged abuse of discretion.' " *Stirba,* 359 Utah Adv. Rep. at 26, 972 P.2d at 921 (quoting *Society of Prof'l Journalists v. Bullock,* 743 P.2d 1166, 1168 n. 1 (Utah 1987) (quoting Utah R. Civ. P. 65B(a))). We agree that Dean's "pursuit of an extraordinary writ is procedurally correct." *Bullock,* 743 P.2d at 1168 n. 1.

■ ¶ 9  Article I, section 12 of the Utah Constitution provides: "In criminal prosecutions the accused shall have . . . the right to appeal in all cases." Utah Const. art. I, § 12. "[I]t is settled that the right to an 'appeal' from a court not of record is satisfied by provision for a trial de novo in a court of record." *City of Monticello v. Christensen,* 788 P.2d 513, 516 (Utah 1990). Both section 78–5–120 of the Utah Code and Rule 26(12) of the Utah Rules of Criminal Procedure provide a criminal defendant originally tried in justice court with the right to have the case tried anew in the district court. *See* Utah Code Ann. § 78–5–120; Utah R. Crim P. 26(12). Rule 4–608 of the Utah Code of Judicial Administration provides additional guidance for conducting a de novo proceeding for an appeal from justice court. Once a defendant convicted in justice court files a notice of appeal, Rule 4–608 requires the district court to issue all further orders

governing the case. *See* Utah Code Jud. Admin. R4–608(D). Rule 4–608 reiterates that "[t]he trial de novo shall be conducted in the district court as if the matter were originally filed in that court," and further provides that "a remand of a de novo proceeding is not authorized." Utah Code Jud. Admin. R4–608(E). When appealing from justice court, "the parties essentially get a fresh start" in the form of a trial de novo. *State v. Hinson,* 966 P.2d 273, 277 (Utah Ct.App. 1998).[1] Because an appeal from justice court consists of a new trial proceeding, this case should have been " 'tried in the district court as if it originated there.' " *University of Utah v. Industrial Comm'n,* 736 P.2d 630, 632 (Utah 1987) (quoting *Denver & Rio Grande W. R.R. v. Public Serv. Comm'n,* 98 Utah 431, 437, 100 P.2d 552, 555 (1940)).

¶ 10 Generally, when a criminal defendant fails to appear in a case originating in district court, the judge may continue the matter and issue a bench warrant. *See* Utah R.Crim. P. 10(d) (providing if a defendant fails to appear "when required to do so, a warrant of arrest may issue and bail may be forfeited"); *State v. Yates,* 918 P.2d 136, 137 (Utah Ct.App.1996) (stating when defendant failed to appear at sentencing hearing, trial court issued bench warrant and continued sentencing). As part of the proceedings, the district court, "in its discretion, may hold a pretrial conference" and the defendant can waive the "right to appear." Utah R.Crim. P. 13(a). However, a defendant's failure to appear at the pretrial conference does not warrant dismissing the district court's criminal case. *See State v. Parry,* 714 P.2d 1160, 1162 (Utah 1986) (holding dismissal based on defendant's absence from pretrial conference "is clearly not appropriate").

¶ 11 Because it "is clearly not appropriate" to dismiss a criminal case that originated in district court based on a defendant's

failure to appear at a pretrial conference, it is also improper to dismiss a trial de novo on the same ground. Consequently, in dismissing the appeal because Dean did not appear at the pretrial conference, respondent "abused [his] discretion," "failed to perform an act required by law as a duty of office, trust or station" and refused petitioner the "right [of appeal] ... to which [he] is entitled." Utah R. Civ. P. 65B(d)(2)(A)-(C). We therefore grant defendant's request for a writ of mandamus.

¶ 12 We also note that respondent abused his · discretion under Rule 65B(d)(2)(A) when he attempted to remand the case to the justice court for further proceedings. *See Stirba,* 359 Utah Adv. Rep. at 26–27, 972 P.2d at 922 (" '[A]buse of discretion' for Rule 65B(d)(2)(A) writs must be ·much more blatant than the garden variety 'abuse of discretion' featured in routine appellate review."). By rule, respondent is not permitted to remand the case to justice court. *See* Utah Code Jud. Admin. R4–608(2)(E) ("[A] remand of a de novo proceeding is not authorized."). In attempting to do so, respondent abused his discretion.

## CONCLUSION

¶ 13 For the foregoing reasons, we grant the Petition for Extraordinary Writ and order that Dean's appeal be reinstated.

¶ 14 WE CONCUR: JUDITH M. BILLINGS, Judge, and NORMAN H. JACKSON, Judge, concur.

---

1. In the traditional appeal, a court vested with appellate jurisdiction reviews the trial court's record and either affirms or reverses the judgment entered therein. However, in an appeal from justice court, the district court is "not acting in a typical appellate capacity." *Hinson,* 966 P.2d at 276. "[B]ecause the justice court is not a court of record, the 'appeal' does not involve a review of the justice court proceedings which result in a judgment." *Id.* at 275. Therefore, when Dean appealed the judgment entered in justice court, "the proceedings in the district court were de novo and the case stood precisely as it would have at that stage of the proceedings if it had begun in that court in the first instance." *Id.* at 276.