2009 UT App 25

**Lisa GORDON, Petitioner,**

v.

**The Honorable Paul G. MAUGHAN, Respondent.**

**No. 20080552–CA.**

Court of Appeals of Utah.

Feb. 5, 2009.

Neal G. Hamilton, Salt Lake City, for Petitioner.

Brent M. Johnson, Salt Lake City, for Respondent.

Lohra L. Miller and Nathaniel J. Sanders, Salt Lake City, for Interested Party Salt Lake County.

Before GREENWOOD, P.J., THORNE, Associate P.J., and BENCH, J.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Lisa Gordon petitions this court for extraordinary relief from the district court's dismissal of her appeal from a justice court conviction, asking this court to order reinstatement of her appeal below. We decline to grant Gordon extraordinary relief.

## BACKGROUND

¶ 2 Gordon was initially charged in justice court with possession of drug paraphernalia. After several unsuccessful attempts to serve her, an arraignment was scheduled. Gordon failed to appear for her arraignment, and, subsequently, she was also charged with failure to appear. Gordon was eventually served and appeared before the justice court, pleaded guilty to the possession charge in exchange for dismissal of the failure to appear charge, and was sentenced. Gordon appealed to the district court, requesting a trial de novo pursuant to rule 38 of the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 38.

¶ 3 Gordon's counsel entered an appearance before the district court, demanded a jury trial, and filed a request for discovery. The district court then scheduled a pretrial conference. Gordon failed to appear at the pretrial conference, and the district court dismissed her appeal and remanded the case to the justice court. *See generally id.* R. 38(g). Gordon immediately filed a motion to reinstate her appeal, relying primarily upon *Dean v. Henriod*, 1999 UT App 50, 975 P.2d 946, and "arguing, inter alia, that dismissal of her appeal violated her fundamental right to appeal and equal protection, and that an interpretation of [rule 38(g) of the Utah Rules of Criminal Procedure] which allows dismissal of an appeal when a defendant fails to appear is unconstitutional." The district court denied Gordon's motion to reinstate

her appeal, noting that rule 38(g) provides for dismissal of an appeal for failure to appear and that this rule post-dates *Dean.* The district court acknowledged that Gordon has a fundamental right to appeal, but not a constitutional right to a trial de novo on the merits. Finally, the district court explained that Gordon's right to equal protection had not been violated by the dismissal because she was not treated differently than others similarly situated. Gordon now seeks extraordinary relief from the dismissal and an order reinstating her appeal in the district court.

## STANDARD OF REVIEW

■ ¶ 4 The issue presented in this case is whether Gordon should be granted extraordinary relief from the district court's dismissal of her de novo appeal from a justice court conviction. "Such petitions are governed by rule 65B of the Utah Rules of Civil Procedure, which provides that extraordinary relief may be available '[w]here no other plain, speedy, and adequate remedy is available.' " *Burns v. Boyden*, 2006 UT 14, ¶ 6, 133 P.3d 370 (alteration in original) (quoting Utah R. Civ. P. 65B(a)). Gordon alleges that she is entitled to extraordinary relief pursuant to rule 65B(d) because she has no avenue to appeal the district court's dismissal of her appeal from justice court and because the district court has "exceeded its jurisdiction or abused its discretion; [or] ... failed to perform an act required by law as a duty of office, trust or station." Utah R. Civ. P. 65B(d)(2)(A)-(B). Gordon's petition requires the interpretation of rule 38 of the Utah Rules of Criminal Procedure as well as the determination of several related constitutional questions. Because this petition presents purely legal questions, we afford the district court's conclusions no deference. *See Chen v. Stewart*, 2004 UT 82, ¶ 25, 100 P.3d 1177 ("Constitutional issues ... are questions of law [reviewed] for correctness."); *Ostler v. Buhler*, 1999 UT 99, ¶ 5, 989 P.2d 1073 ("[T]he proper interpretation of a rule of procedure is a question of law, and we review the trial court's decision for correctness."). "Ultimately, to determine whether rule 65B relief is appropriate, we must determine

whether the district court made a mistake of law on ... these ... questions that led it to abuse its discretion." *Burns*, 2006 UT 14, ¶ 6, 133 P.3d 370 (citing *State v. Barrett*, 2005 UT 88, ¶¶ 15–17, 127 P.3d 682).

## ANALYSIS

■ ¶ 5 When evaluating a petition for extraordinary relief, we must first determine whether the petitioner had available to her a remedy other than the current petition. *See* Utah R. Civ. P. 65B(a). Under Utah's two-tier justice court system, a justice court's decision may be appealed to the district court for a trial de novo. *See* Utah R.Crim. P. 38. However, the district court's decision "is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." Utah Code Ann. § 78A–7–118(7) (2008).[1] Although Gordon raised constitutional concerns before the district court in her motion to reinstate her appeal, these concerns were directed at the constitutionality of a rule of procedure. Consequently, the trial court's denial of Gordon's motion to reinstate her appeal does not constitute a ruling on the constitutionality of a statute or ordinance. We therefore determine that there is "no other plain, speedy and adequate remedy ... available" to Gordon and that she is entitled to "petition the court for extraordinary relief on any of the grounds set forth in" rule 65B of the Utah Rules of Civil Procedure. Utah R. Civ. P. 65B(a).

¶ 6 As noted above, Gordon grounds her petition in subsection (d) of rule 65B, *see id.* R. 65B(d), arguing that the district court's dismissal of her appeal, and its denial of her motion to reinstate the same, violated her fundamental right to appeal as well as her state and federal constitutional rights to equal protection and due process. These constitutional arguments, in turn, stem from what Gordon alleges was the district court's erroneous interpretation of rule 38 of the Utah Rules of Criminal Procedure. Thus, to determine Gordon's eligibility for extraordinary relief, we first address whether the district court correctly interpreted rule 38 to allow for dismissal of Gordon's appeal for failure to appear at a pretrial conference. We then turn to her related constitutional claims.

## I. Utah Rule of Criminal Procedure 38

■ ¶ 7 Rule 38 of the Utah Rules of Criminal Procedure provides the procedural framework for trial de novo appeals of justice court decisions. *See* Utah R.Crim. P. 38. Among these procedures, rule 38(g) expressly provides three reasons for which a "district court may dismiss the appeal and remand the case to the justice court." *Id.* R. 38(g). Relevant to the instant petition, rule 38(g) states that a district court may dismiss an appeal if the appellant "fails to appear." *Id.* R. 38(g)(1). Based on the plain language of rule 38 and citing Gordon's failure to appear at the scheduled pretrial conference, the district court dismissed Gordon's appeal and remanded the case to the justice court.

¶ 8 Gordon does not directly dispute the literal correctness of the district court's interpretation of rule 38; instead, she argues that the district court's interpretation of rule 38 is in direct conflict with this court's decision in *Dean v. Henriod*, 1999 UT App 50, 975 P.2d 946, and, thus, cannot be allowed. In particular, Gordon argues that the *Dean* court was facing a nearly identical procedural history as exists in the present petition and that, although the rules of procedure have changed since *Dean* was decided, the rationale remains in force. To thoroughly address Gordon's arguments, we examine *Dean* in some detail.

¶ 9 Like Gordon, the *Dean* defendant was convicted in justice court, requested a trial de novo appeal in district court, and failed to appear at a pretrial conference before that court. *See id.* ¶¶ 2–3. The district court dismissed the trial de novo appeal and denied the defendant's motion to reinstate the appeal. *See id.* ¶ 3. After discussing the relevant law applicable at that time and recognizing a criminal defendant's fundamental right to appeal in all cases, *see id.* ¶¶ 9–10, the *Dean* court determined that there was no

---

1. This section of the Utah Code, formerly found at Utah Code section 78–5–120, was recently renumbered. *See* Utah Code Ann. § 78A–7–118 (2008) (amend.notes). For convenience, we cite to the current version of this section throughout this opinion.

statutory or procedural basis for dismissing a trial de novo appeal based on the defendant's failure to appear, *see id.* ¶ 11. The *Dean* court continued, stating that such an appeal was thus to " 'be conducted in the district court as if the matter were originally filed in that court,' and ... that 'a remand of a de novo proceeding is not authorized.' " *Id.* ¶ 9 (quoting Utah R. Jud. Admin. 4–608). Accordingly, the *Dean* court concluded that "[b]ecause it 'is clearly not appropriate' to dismiss a criminal case that originated in district court based on a defendant's failure to appear at a pretrial conference, it is also improper to dismiss a trial de novo on the same ground." *Id.* ¶ 11. Because the district court had done just that, the court granted the defendant's petition for extraordinary relief.[2] *See id.* ¶ 13.

¶ 10 As an initial matter, we agree with Gordon that she is in a nearly identical procedural stance as the *Dean* defendant.[3] Moreover, we agree that the right of an accused to appeal in a criminal proceeding remains a fundamental right. *See* Utah Const. art. I, § 12 ("In criminal prosecutions the accused shall have ... the right to appeal in all cases."). Nevertheless, we disagree with Gordon that *Dean* still controls. As Gordon concedes, the rules of procedure have changed since *Dean.* When *Dean* was decided, the procedures for appealing a justice court decision were governed by Utah Code section 78–5–120, Utah Rule of Criminal Procedure 26, and rule 4–608 of the Utah Code of Judicial Administration. *See id.* ¶¶ 8–9. None of these authorities authorized dismissal of an appeal for failure to appear or for remand of such an appeal to justice court. *See generally* Utah Code Ann. § 78–5–120 (Supp.1998) (renumbered 2008); Utah R.Crim. P. 26 (repealed 1999); Utah R. Jud. Admin. 4–608 (2002) (repealed 2003). Noting this absence of statutory or procedural authority, the *Dean* court relied heavily upon language found in rule 4–608, *see Dean,* 1999 UT App 50, ¶ 9, 975 P.2d 946, which stated

that "[t]he trial de novo shall be conducted *as if the matter were originally filed* in that court," Utah R. Jud. Admin. 4–608 (emphasis added). The *Dean* court then compared justice court appellants with criminal defendants in "case[s] originating in district court." *Dean,* 1999 UT App 50, ¶ 10, 975 P.2d 946. Because the *Dean* court determined that dismissal of a criminal case originating in district court was not warranted by "a defendant's failure to appear at the pretrial conference," it reasoned that the same must be true for justice court appellants. *Id.* ¶¶ 10–11.

¶ 11 However, shortly after the *Dean* decision, rule 4–608 was amended to remove the "as if the matter were originally filed" language upon which the *Dean* court relied. *See* Utah R. Jud. Admin. 4–608 (2002) (repealed 2003). The amendment further rewrote the rule to dictate that "[t]he district court shall conduct anew the proceedings on which the judgment or order appealed from are based." *Id.* R. 4–608(6); *see also id.* R. 4–608 (amend.notes). That same amendment also added language explicitly allowing for both dismissal of an appeal for failure to appear as well as remand to a justice court following such a dismissal. *See id.* R. 4–608(7)(A). The following year, rule 4–608 was repealed and its substance was incorporated into the Utah Rules of Criminal Procedure as rule 38–the rule at issue in the present petition. *See id.* R. 4–608 (Supp. 2003); Utah R.Crim. P. 38 (Supp.2003). Because this new rule provides the procedural basis that was lacking when *Dean* was decided, we conclude that the rationale of the *Dean* decision is no longer applicable. Accordingly, we find no error in the district court's interpretation of rule 38, consistent with rule 38's plain language, to allow for dismissal of Gordon's appeal for failing to appear at her pretrial conference.

---

**2.** The *Dean* court "also note[d] that [the district court judge had] abused his discretion under Rule 65B(d)(2)(A) when he attempted to remand the case to the justice court for further proceedings," because such was not allowed for in the rules. *Dean v. Henriod,* 1999 UT App 50, ¶ 12, 975 P.2d 946.

**3.** We note that the *Dean* defendant actually failed to appear at two separate pretrial conferences. *See id.* ¶ 3. This difference is negligible for purposes of the present appeal.

## II. Constitutional Claims

¶ 12 Regardless of the literal correctness of the district court's interpretation of rule 38, Gordon argues that allowing dismissal of an appeal for failure to appear at a pretrial conference unconstitutionally denies justice court defendants equal protection and due process. Gordon also contends that dismissal of her appeal and the district court's denial of her motion to reinstate the same violated her fundamental right to appeal under the Utah Constitution. Before addressing these arguments, we note that, as is true with statutes, rules of procedure "are endowed with a strong presumption of validity and will not be declared unconstitutional unless there is no reasonable basis upon which they can be construed as conforming to constitutional requirements." *City of Monticello v. Christensen*, 788 P.2d 513, 516 (Utah 1990) (internal quotation marks omitted).

### A. Facial Constitutionality

¶ 13 Gordon argues that the district court's interpretation of rule 38 to allow for dismissal of a justice court defendant's appeal for simply failing to appear at a pretrial conference is facially unconstitutional as violating both the Equal Protection and Due Process Clauses of the Utah and the United States Constitutions. The right to appeal in all criminal cases is guaranteed by the Utah Constitution. *See* Utah Const. art. I, § 12 (providing that "[i]n criminal prosecutions the accused shall have ... the right to appeal in all cases"). Noting the fundamental differences between justice courts—as courts not of record—and general criminal courts, the Utah Supreme Court has "conclude[d] that in Utah, at least, it is settled that the right to an 'appeal' from a court not of record is satisfied by provision for a trial de novo in a court of record." *City of Monticello*, 788 P.2d at 516.

¶ 14 Gordon does not dispute that rule 38 "provi[des] for a trial de novo in a court of record." *See id.* Rather, she argues essentially that the district court's interpretation of rule 38 divested her of her right to appeal

by preventing completion of her appeal. In support of this argument, Gordon relies heavily upon *Dean*, arguing that *Dean* recognized a constitutional right to see an appeal through to its completion and that the district court's interpretation of rule 38 is in direct conflict therewith. We disagree. We read *Dean* to recognize only a right to have an appeal administered fairly under the constraints of the relevant law. *See generally Dean v. Henriod*, 1999 UT App 50, 975 P.2d 946. Regardless, we have already concluded that significant rule changes that post-date *Dean* have rendered its rationale no longer applicable. Moreover, the district court's interpretation of rule 38 does nothing to impair justice court defendants' right to appeal—they are still allowed to file a notice of appeal, which right Gordon exercised fully. However, as is true with appellants from courts of general criminal jurisdiction, justice court defendants are not allowed an unfettered ability to pursue their appeals. It is entirely appropriate for the courts to establish rules detailing the necessary predicates to receiving appropriate appellate review. *See, e.g.,* Utah R.App. P. 9 (allowing for dismissal of an appeal if the appellant fails to provide the appellate court with a docketing statement within the prescribed time limit). Rule 38 does just that, but for justice court defendants. *See* Utah R.Crim. P. 38. Thus, an interpretation of rule 38 that establishes procedural requirements necessary to maintaining an appeal and allows courts to manage their cases and dockets is not unconstitutional on its face.

¶ 15 Nevertheless, Gordon argues that such an interpretation denies justice court defendants equal protection of the laws because they are subjected to different procedural constraints than appellants from general criminal courts. *See generally* U.S. Const. amend. XIV, § 1 ("No State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."); Utah Const. art. I, § 24 (guaranteeing uniform operation of the laws).[4] Gordon argues that because a case

---

4. Although there is no fundamental right to appeal a criminal conviction under the Federal Constitution, *see Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 100 L.Ed. 891 (1956) ("[A]

originally filed in a court of general criminal jurisdiction may not be dismissed for failure to appear at a pretrial conference, *see Dean,* 1999 UT App 50, ¶ 11, 975 P.2d 946, allowing dismissal of a justice court defendant's appeal for the same reason denies the justice court defendant equal protection of the laws. Gordon's argument fails to recognize, however, that both the federal and state constitutional provisions guaranteeing equal protection " 'embody the same general principle: persons similarly situated should be treated similarly, and persons in different circumstances should not be treated as if their circumstances were the same.' " *Gallivan v. Walker,* 2002 UT 89, ¶ 31, 54 P.3d 1069 (quoting *Malan v. Lewis,* 693 P.2d 661, 669 (Utah 1984)). Although we recognize that it is, in many cases, important to address these two constitutional provisions individually, *see id.* ¶ 33, 693 P.2d 661 (addressing federal and state equal protection challenges separately because " 'the language and history of the two provisions are entirely different' " and " 'the differences *can* produce different legal consequences' " (emphasis added) (quoting *Lee v. Gaufin,* 867 P.2d 572, 577 (Utah 1993))), we decline to do so based on the facts presented in this petition.

¶ 16 Gordon's equal protection argument is foundationally flawed. Gordon argues that because rule 38 requires appeals from justice court convictions to be "conduct[ed] anew" in the district court, a justice court appellant is similarly situated to a criminal defendant whose case is originally being tried in district court. This is not so. "Rather, a justice court defendant is in a similar position to a defendant *appealing* from a district court conviction in the first instance." *Bernat v. Allphin,* 2005 UT 1, ¶ 41, 106 P.3d 707.[5] Similar to appeals from a justice court conviction, appeals from a district court conviction are subject to dismissal if, after filing the notice of appeal, the appellant fails to follow the required procedures. *Compare* Utah R.Crim. P. 38(g) (allowing for dismissal of a justice court defendant's appeal if, for example, the defendant fails to appear), *with* Utah R.App. P. 9(a), (f) (allowing for dismissal of an appeal for failure to timely file a docketing statement following the filing of a notice of appeal). The failures justifying dismissal of these two types of appeals differ because each type of appeal is administered differently, i.e., justice court defendants receive a trial de novo review and appellants from district court convictions receive review on the record created at trial of only specific factual and legal claims of error in the underlying adjudication. Stated simply, while the procedures for each type of appeal are different—i.e., pretrial conferences are not applicable in the context of a general criminal appeal and, conversely, docketing statements are not required to pursue an appeal from a justice court conviction—both types of appellants are subject to involuntary dismissal of their appeals for failure to comply with the governing procedural requirements. We therefore conclude that allowing for dismissal of a justice court defendant's appeal for failure to appear at a pretrial conference does not deny her equal protection of the laws.

¶ 17 Gordon also argues that the district court's interpretation of rule 38 denies justice court defendants due process. *See* Utah Const. art. I, § 7; U.S. Const. amend. XIV, § 1. "[O]nce a state establishes avenues of appellate review, 'it is ... fundamental that ... these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts.' " *Bernat,* 2005 UT 1, ¶ 35, 106 P.3d

State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all."), once a state grants criminal defendants the right to appeal, the Federal Constitution mandates that the right be administered in a fair and non-discriminatory manner. *See id.* Because, as stated earlier, Utah has granted criminal defendants a right to appeal in all cases, *see* Utah Const. art. I, § 12, the Federal Constitution requires that that right be administered fairly. *See* U.S. Const. amend. XIV, § 1; *Griffin,* 351 U.S. at 18, 76 S.Ct. 585.

5. As further stated in *Bernat v. Allphin,* 2005 UT 1, 106 P.3d 707,

a justice court defendant is, if anything, treated more favorably than a similarly situated district court defendant. Unlike defendants appealing from a district court conviction, a defendant convicted in justice court is afforded a second opportunity to relitigate the facts relating to his or her guilt or innocence after having had the advantage of learning about the prosecution's case during the first trial.

*Id.* ¶ 41.

707, (omissions in original) (quoting *Rinaldi v. Yeager*, 384 U.S. 305, 310–11, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966)). A justice court defendant "possesses an absolute entitlement to a trial de novo in the district court" so long as she files a timely notice of appeal. *Id.* ¶ 36. Where the procedures allegedly impeding appellate access "are wholly separate from and have no impact on a defendant's ability to appeal his or her conviction," they cannot be found to burden a defendant's right to appeal. *Id.* (addressing challenge to rule requiring certificate of probable cause to stay a justice court sentence for trial de novo appeal). The procedures complained of by Gordon are subsequent to the filing of her appeal and have no impact on her ability to commence the appeal. Thus, we see no facial denial of due process in rule 38's provision for dismissal for failure to appear.

## B. As Applied Constitutionality

■ ¶ 18 Gordon also argues that because the right to appeal is fundamental, her dismissed appeal should have been reinstated upon request so long as the State was not prejudiced by her absence. Gordon further contends that the State would not have been prejudiced had her appeal been reinstated because she requested reinstatement within forty-eight hours. In support of this argument, Gordon points us to *State v. Tuttle*, 713 P.2d 703 (Utah 1985), and asks us to extend the reasoning therefrom to the present petition. To determine whether such extension is justified, we now look more closely at *Tuttle*.

¶ 19 In *Tuttle*, the Utah Supreme Court reinstated the appeal of a defendant who had earlier escaped from prison following his conviction of first degree murder and subsequent sentencing to life imprisonment. *See id.* at 704. The court reinstated Tuttle's appeal because it determined "that a rule *automatically denying* reinstatement of an escapee's appeal upon a return to custody really amounts to imposition by th[e appellate c]ourt of a punishment for escape." *Id.* at 704–05 (emphasis added). Noting that "[n]either law nor logic justifies [the court's] undertaking to impose such a sanction," the *Tuttle* court "conclude[d] that a criminal ap-

peal dismissed after escape may be reinstated unless the State can show that it has been prejudiced by the defendant's absence and the consequent lapse of time." *Id.* at 705.

¶ 20 Gordon suggests that because "escaping from prison ... is insufficient to forfeit the right to appeal, the less egregious conduct of failing to appear at a pre-trial hearing should not be a basis for forfeiting the right." *Tuttle* is not applicable to the present petition and we decline to extend the rationale of *Tuttle* for policy reasons. In particular, the *Tuttle* court refused to adopt a rule automatically denying appeal reinstatement of escapees because it was wary "that refusing to reinstate appeals of those *who escape and are returned to custody* raises serious [constitutional] questions." *Id.* (emphasis added). Implicitly important to the court was Tuttle's looming and as of then unappealed life imprisonment sentence. *See id.* at 704. Moreover, the *Tuttle* court noted that its decision was based, at least in part, on "the lack of any sound practical or policy justification for refusing to hear the appeals of escapees after they are returned to custody." *Id.* at 705.

¶ 21 *Tuttle's* policy concerns do not apply to this petition for several reasons. First and foremost, the district court's decision to deny Gordon's motion to reinstate her appeal was discretionary, not automatic. Second, although not evident from the petition, we assume that the punishment Gordon received in justice court is nowhere near as severe as the life sentence in *Tuttle*. *See Bernat v. Allphin*, 2005 UT 1, ¶ 7, 106 P.3d 707 (noting that justice courts "have jurisdiction over ... class B and C misdemeanors, violations of ordinances, and infractions" (internal quotation marks omitted)). Accordingly, refusal to reinstate Gordon's appeal does not present us with the same level of constitutional concern. Third, despite Gordon's arguments to the contrary, she could not be subjected to additional criminal punishment for her failure to appear at the pretrial conference. At most, she could have been subjected to contempt, but contempt authority is inherent in the courts and, therefore, would not constitute additional criminal punishment as used in *Tuttle*. Finally, unlike in *Tuttle*, sound

policy exists to justify refusing to reinstate the appeals of justice court appellants who fail to appear. Most notably, "[j]ustice courts are designed, in the interest of both the defendant and the State, to provide speedier and less costly adjudications than may be possible in criminal courts of general jurisdiction." *Id.* ¶ 32 (alteration in original) (internal quotation marks omitted). Because we determine that none of the same policy concerns exist in the present petition, we refuse to extend *Tuttle* to justice court appeals.[6]

¶ 22 We are left, then, with Gordon's argument that the district court applied rule 38 in an unconstitutional manner. In her motion to reinstate her appeal filed in the district court, Gordon relied solely on *Dean* as controlling authority prohibiting dismissal and provided no reasons justifying her failure to appear. We have already held that *Dean* does not prohibit dismissal of an appeal from a justice court conviction. In light of rule 38's silence as to reinstatement and Gordon's failure to suggest any justification for her absence at the pretrial hearing,[7] we necessarily determine that the district court did not abuse its discretion in denying Gordon's motion to reinstate her appeal.

¶ 23 In a similar vein, Gordon contends that her absence at the pretrial conference did not constitute a waiver of her fundamental right to appeal, especially because the district court failed to determine whether she intended to waive that right. We find this argument unpersuasive for two distinct reasons. First, we see no evidence that the district court contemplated waiver or dismissed Gordon's appeal because it found that she had waived her fundamental right to appeal. In fact, it is quite clear that the

district court dismissed Gordon's appeal solely because she failed to appear. Second, Gordon's argument is supported solely by reference to waiver in criminal cases originating in courts of record. By doing so, Gordon fails to recognize that justice courts are, by design, fundamentally different than courts of record. *See Bernat,* 2005 UT 1, ¶¶ 7–8, 106 P.3d 707. Accordingly, we conclude that the district court's dismissal of Gordon's appeal and refusal to reinstate the same was not unconstitutional.

## CONCLUSION

¶ 24 In conclusion, we determine that the trial court correctly interpreted rule 38 of the Utah Rules of Criminal Procedure to allow for dismissal of a justice court appeal and remand to the justice court where the defendant fails to appear. We also conclude that rule 38 is not unconstitutional on its face nor as applied to Gordon. Gordon's petition is thus denied.

¶ 25 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge and RUSSELL W. BENCH, Judge.

---

6. Gordon also directs us to *State v. Verikokides,* 925 P.2d 1255 (Utah 1996), to demonstrate that the State would not have suffered prejudice if her appeal had been reinstated. However, because we determine that *State v. Tuttle,* 713 P.2d 703 (Utah 1985), is not applicable to the present petition, we need not address Gordon's corollary prejudice argument.

7. Rule 23A of the Utah Rules of Appellate Procedure governs reinstatement of dismissed appeals from courts of general criminal jurisdiction. *See* Utah R.App. P. 23A. In particular, rule 23A al-

lows for reinstatement of "[a]n appeal dismissed for failure to take any step other than the timely filing of a notice of appeal" where the appellant shows "(a) mistake, inadvertence, surprise, or excusable neglect or (b) fraud, misrepresentation, or misconduct of an adverse party." *Id.* While not applicable to appeals from justice court convictions, rule 23A's criteria justifying reinstatement could serve as a model in the context of justice court appeals. Gordon did not address any of these possibilities in her motion to the district court or in the present petition.