2003 UT 54

**STATE of Utah, in the interest of M.M., A.M., and S.S., persons under eighteen years of age.**

**T.S., Petitioner,**

v.

**State of Utah, Respondent.**

No. 20020517.

Supreme Court of Utah.

Nov. 25, 2003.

Mark L. Shurtleff, Att'y Gen., John M. Peterson, Asst. Att'y Gen., Salt Lake City, for the State.

Scott L. Wiggins, Salt Lake City, for T.S.

Martha Pierce, Salt Lake City, guardian ad litem.

On Certiorari to the Utah Court of Appeals

NEHRING, Justice:

¶ 1 The juvenile court terminated T.S.'s parental rights to her three children. T.S. asked her appointed counsel to appeal. Her counsel failed to file a notice of appeal before the thirty-day deadline. Counsel then filed a motion to accept T.S.'s notice of appeal out of time. The juvenile court denied the motion because it failed to show either excusable neglect or good cause as required by rule 4(e) of the Utah Rules of Appellate Procedure. The court of appeals affirmed the juvenile court's ruling as being within its broad grant of discretion.

¶ 2 We granted certiorari to review whether counsel's failure to file a timely notice of appeal in a termination of parental rights case, an omission which strongly suggests ineffective assistance of counsel, may justify extending the time to appeal. We direct our inquiry exclusively to the decision of the court of appeals which, because it turns on a legal interpretation, we review for correctness. *Brown v. Glover*, 2000 UT 89, ¶ 15, 16 P.3d 540.

¶ 3 T.S. concedes that her notice of appeal was not filed within thirty days as required by rule 4(a) of the Utah Rules of Appellate Procedure. Generally, overdue notices of appeal trigger stern consequences, divesting the appellate court of jurisdiction. *Reisbeck v. HCA Health Servs. of Utah, Inc.*, 2000 UT 48, ¶ 5, 2 P.3d 447. The only exception to this is found in rule 4(e), which allows a "trial court, upon a showing of excusable neglect or good cause [to extend] the time for filing a notice." Utah R.App. P. 4(e).

¶ 4 Rule 4(a) has been enforced even if the lawyer, rather than the party, was responsible for the tardiness, as we have held a party accountable for his attorney's neglectful conduct. *Reisbeck* illustrates this point. 2000 UT 48 at ¶ 15, 2 P.3d 447. Ms. Reisbeck's medical malpractice lawsuit was dismissed by

the trial judge. *Id.* at ¶ 2. Her lawyer filed an untimely notice of appeal. *Id.* Her innocence in the untimely appeal notwithstanding, the trial judge denied Ms. Reisbeck's rule 4(e) motion to extend the time for filing the notice of appeal, and we affirmed. *Id.* at ¶¶ 3, 17.

¶ 5 In the case before us, the court of appeals grounded its affirmance of the trial court on the standards for evaluating "good cause" and "excusable neglect" under rule 4(e) found in paragraph 15 of the *Reisbeck* opinion. There, we indicated that a party would be held accountable for his lawyer's conduct, stating that "where a party *or a party's attorney* was concededly neglectful, the court must determine whether that neglect should, on balance, be excused." *Id.* at ¶ 15 (emphasis added).

¶ 6 Neither this court in *Reisbeck* nor the court of appeals in the case now before us considered ineffective assistance of counsel as a relevant issue, as it is not available as an excuse to a disappointed party in a civil case. The court of appeals extended that principle to litigation concerning the termination of parental rights. However, by extending the right to appointed counsel to parents facing termination of their parental rights, our legislature has expressly recognized that termination proceedings are unlike the traditional civil case. In light of this legislative action, it is proper for us to reexamine our application of rule 4(e).

¶ 7 The legislature has expressly codified a parent's right to be represented by counsel at every stage of a termination proceeding. Utah Code Ann. § 78-3a-913(1)(a) (1999). If a parent "requests an attorney and is found by the court to be indigent, counsel shall be appointed by the court." *Id.* In an earlier case, the court of appeals explained the meaning of this statute by saying:

> Although this section does not expressly state that counsel must be effective, the statute would be meaningless or illusory if it guaranteed only ineffective assistance of counsel. The legislature's omission of "effective" should not be read to suggest an intent to provide only ineffective assistance of counsel.

*State ex rel. E.H. v. A.H.*, 880 P.2d 11, 13 (Utah Ct.App.1994). The court concluded that the statute "implicitly guarantees effective assistance of counsel" to a parent who requests counsel in a termination proceeding. *Id.* We agree.

¶ 8 It is this court's " 'fundamental duty to give effect, if possible, to every word of the statute.' " *Arredondo v. Avis Rent A Car Sys., Inc.*, 2001 UT 29, ¶ 13, 24 P.3d 928 (quoting *Carlie v. Morgan*, 922 P.2d 1, 4 (Utah 1996) (other citations omitted)). We would fail to perform this duty were we to permit an unnecessarily stingy interpretation of an exception to a court-made rule of procedure to prevent us from giving effect to the language of Utah Code Ann. section 78-3a-913(1)(a).

¶ 9 Recognizing this, the State has urged us to expand the reach of rule 4(e) to include within its "good cause" basis an extension of time for appeal to show that a party's counsel was ineffective. We agree with the State that this is the most effective means to present ineffective assistance of counsel claims concerning a lawyer's conduct in perfecting an appeal. For this reason, we hold that rule 4(e)'s "good cause" exception to the filing date requirement of rule 4(a) of the Utah Rules of Appellate Procedure includes within its reach the unusual circumstance where a person who is entitled to appointed counsel under section 78-3a-913(1)(a) does not receive effective counsel.

¶ 10 By extending rule 4(e) "good cause" to include ineffective assistance of counsel in termination of parental rights actions, we merely refine and do not supplant the comprehensive examination of rule 4(e) we undertook in *Reisbeck*. Nor do we create an "exception" to rule 4(e). Rule 4(e) is itself an exception. It owes its existence to the recognition that there will arise circumstances when an inflexible application of the rule 4(a) deadlines would result in unconscionable injustices. Having adopted a rule which acknowledges the merit of a "good cause" exception, we have confidence in our ability to exercise a principled discipline to appeals for its expansion.

¶ 11 We do not base our holding on the relative importance of the ultimate right at

stake—parental rights. Instead, we intend our decision to make real the legislative mandate that T.S. be provided with effective appointed counsel. We also wish to make clear that rule 4(e) "good cause" does not extend to every claimant whose constitutional or statutory rights have been limited by the actions of counsel. However, where the right at issue is a right to counsel which has been statutorily created and judicially affirmed, we will not prevent a claimant from having her day in court due to the professional infirmity of her lawyer and a parsimonious application of an exception to a rule of procedure. To do otherwise, that is, to hold T.S. accountable for her lawyer's negligence, where she is statutorily entitled to appointed counsel, impermissibly undermines her right to counsel.

¶ 12 This is not to say, however, that T.S. has conclusively demonstrated that she is entitled to rule 4(e) relief because her lawyer filed an untimely notice of appeal. An examination of the lawyer's conduct does not end the trial court's evaluation of the party's application for rule 4(e) relief. Although a party is not responsible for his lawyer's conduct, a party's own negligent or intentional acts might render rule 4(e) relief inequitable, notwithstanding a showing of ineffective assistance of counsel.

¶ 13 The record in this case is too scant to permit us to determine the merits of T.S.'s application for relief. We are mindful that our remand to the trial court for a reassessment of T.S.'s application for relief will extend the painful uncertainty that envelops the lives of three young girls and express our regret for this unavoidable consequence of our decision. We nevertheless reverse the court of appeals and remand this matter to the juvenile court for action consistent with this decision.

¶ 14 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice PARRISH concur in Justice NEHRING's opinion.