2008 UT 59

**Richard DAVIS, Plaintiff and Appellant,**

v.

**PROVO CITY CORPORATION;** Greg Sperry; Stephen Kapelow; Loren Kapelow; Design West, LLC; Red Slab, LLC; and John L. Valentine, Defendants and Appellee.

No. 20060909.

Supreme Court of Utah.

Aug. 26, 2008.

James A. Boevers, M. David Eckersley, Michael N. Zundel, Salt Lake City, for appellant.

Jody K. Burnett, Dennis C. Ferguson, Salt Lake City, David C. Dixon, James L. Wilde, Robert D. West, Camille S. Williams, Provo, for appellee.

NEHRING, Justice:

## INTRODUCTION

¶ 1 While the underlying litigation in this case involves multiple issues and parties, this interlocutory appeal concerns only the dismissal of one of Richard Davis's many causes of action. The district court dismissed Mr. Davis's challenge to Provo City's annexation of his land, holding that he did not bring his challenge within the statutory time limit. The district court held that Utah Code section 78B–2–307(3)[1] is the statute of limitations that governs the time for bringing challenges to annexations and that, contrary to Mr. Davis's argument, Utah Code section 10–2–422 does not act as a statute of limitations and does not control when a challenge to an annexation may be brought. We agree and affirm the district court's dismissal of Mr. Davis's claim against Provo City.

## BACKGROUND

¶ 2 In 1978, Provo City annexed a large tract of land in what came to be known as the Heritage Mountain Annexation. In 1998, Mr. Davis and his business partner, Greg Sperry, purchased a mining claim within the Heritage Mountain Annexation. They paid $75,000 for the property at closing and were to pay another $75,000 by April 10, 1999. Each was to pay half of the remaining $75,000 owed. Mr. Sperry failed to pay his share of the outstanding cost, and Mr. Davis paid the full $75,000. Following the final payment on the property, Mr. Davis learned that Mr. Sperry had transferred his interest to Stephen Kapelow by special warranty deed dated April 5, 1999, and recorded April 14, 1999.

¶ 3 Mr. Davis filed a complaint against Mr. Sperry and Mr. Kapelow, alleging intentional misrepresentation, wrongful conveyance of partnership property, wrongful dissolution of partnership, and breach of the partnership agreement. The complaint was later amended to include claims against Loren Kapelow; Design West, LLC; Red Slab, LLC; John L.

---

1. The Legislature renumbered Title 78 during the 2008 general legislative session. The language of the statute in Title 78 did not change; therefore, we cite to the newly numbered statute.

Valentine; and Provo City Corporation. In the claim against Provo City, Mr. Davis alleged that Provo City illegally annexed his land in 1978. He asserted that Provo City's annexation of his property did not follow the statutorily required procedures and was void.

¶ 4 Provo City filed a motion to dismiss based on the statute of limitations, laches, and the Governmental Immunity Act of Utah. Beginning with the statute of limitations, Provo City first argued that Mr. Davis was barred by Utah Code section 10–2–422 from challenging the annexation because the statute requires a resident of the annexed area to contest the annexation within one year. Mr. Davis could not have challenged the annexation under this statute because he did not own the property at the time. In the alternative, Provo City argued that if section 10–2–422 did not apply to Mr. Davis or the previous owners of the property, then section 78B–2–307(3), the catch-all four-year statute of limitations, applied and barred Mr. Davis's claim.

¶ 5 In response, Mr. Davis argued that Utah Code section 10–2–422 was more specific than the general statute of limitations and, as such, was the proper limitations period for his claim against Provo City. Utah Code section 10–2–422 provides as follows:

> An area annexed to a municipality under this part [Utah Code Ann. §§ 10–2–401 to –428] shall be conclusively presumed to have been validly annexed if:
>
> (1) the municipality has levied and the taxpayers within the area have paid property taxes for more than one year after annexation; and
>
> (2) no resident of the area has contested the annexation in a court of proper jurisdiction during the year following annexation.[2]

Utah Code Ann. § 10–2–422 (2007).

¶ 6 Mr. Davis contended that despite the property's location in an area that had been considered part of Provo City for twenty years, he never received a tax notice assessing Provo City taxes on the property while he had an interest in it. He asserted that since he was never taxed, the property could not be "conclusively presumed to have been validly annexed" and the annexation that took place in 1978 remains open to challenge.

¶ 7 Although surprising, the absence of any assessment of Provo City taxes on Mr. Davis's property can be explained by the fact that Mr. Davis's property interest is a mining claim. The Utah State Tax Commission is responsible for assessing mines and mining claims. The Commission relies on the counties' mapping of mining claims to determine which taxing district the property is in. Part of Mr. Davis's property is located within Provo City and part is located in unincorporated Utah County. When assessing Mr. Davis's property, however, the Commission admitted to mistakenly treating Mr. Davis's property as being entirely within unincorporated Utah County. As a result, the tax notices Mr. Davis received did not include assessments of Provo City taxes.

¶ 8 Despite the fact that Mr. Davis's property had never been taxed by Provo City, the district court granted Provo City's motion to dismiss because the statute of limitations had run. The district court found that a challenge to an annexation falls within the catch-all four-year statute of limitations in section 78B–2–307(3) and thus bars Mr. Davis's challenge to the 1978 annexation. The court explained that section 10–2–422 is not a statute of limitations, rather it "is a conclusive limitation that can defeat a challenge to an annexation, but it does not prevent a challenge, which is the function of a statute of limitations." We agree and affirm the district court's dismissal.

## STANDARD OF REVIEW

¶ 9 The district court's application of a statute of limitations is a question of law,

2. The statute in effect at the time of Provo's annexation of the land was Utah Code section 10–2–403. It stated:

> Whenever the inhabitants of any territory annexed to any municipality pay property tax levied by the municipality for one or more years following the annexation and no inhabitants of the territory protests the annexation during the year following the annexation, the territory shall be conclusively presumed to be properly annexed to the annexing municipality.

Utah Code Ann. § 10–2–403 (Supp.1977). Since the current version of the statute is not substantively different from the former version, we will interpret the current statute.

which we review for correctness. *Nolan v. Hoopiiaina (In re Hoopiiaina Trust)*, 2006 UT 53, ¶ 19, 144 P.3d 1129.

## DISCUSSION

¶ 10 The core inquiry in this case is whether the language in Utah Code section 10–2–422 providing for a conclusive presumption of valid annexation makes section 10–2–422 a statute of limitations. Mr. Davis argues that it is a statute of limitations because, in his view, the language in the statute providing for a conclusive presumption if certain conditions are met implies that if those conditions are not met, the annexation of the land can still be challenged. Provo City argues that the conclusive presumption language in section 10–2–422 is a substantive rule of law rather than a time limitation on bringing an action.

¶ 11 A statute providing a conclusive presumption is very different from a statute of limitations. First, there are substantial textual differences between the two types of statutes. Second, the purposes of the two types of statutes are distinctly different.

■ ¶ 12 Comparison of the text of section 10–2–422 and the text of statutes that clearly limit the filing period shows that section 10–2–422 is not a statute of limitations. Furthermore, an examination of the purpose of conclusive presumptions and the purpose of statutes of limitations demonstrates that Mr. Davis's interpretation of section 10–2–422 is inconsistent with the purposes of both types of statutes.

## I. STATUTORY TEXT

[3–5] ¶ 13 The primary purpose of statutory interpretation is to determine "the true intent and purpose of the Legislature." *State ex rel. Div. of Forestry, Fire & State Lands v. Tooele County*, 2002 UT 8, ¶ 10, 44 P.3d 680 (internal quotation marks omitted). The best evidence of legislative intent is the plain language of the statute, and "[w]hen examining the statutory language we assume the legislature used each term advisedly and in accordance with its ordinary meaning." *State v. Martinez*, 2002 UT 80, ¶ 8, 52 P.3d 1276. Thus, we begin our analysis of wheth-er section 10–2–422 is a statute of limitations with an examination of the ordinary meaning of the words used in the statute and a comparison of that meaning to the operative text common to statutes of limitations.

¶ 14 Utah Code section 10–2–422 states as follows:

> An area annexed to a municipality under this part shall be conclusively presumed to have been validly annexed if:
>
> (1) the municipality has levied and the taxpayers within the area have paid property taxes for more than one year after annexation; and
>
> (2) no resident of the area has contested the annexation in a court of proper jurisdiction during the year following the annexation.

Utah Code Ann. § 10–2–422 (2007).

■ ¶ 15 Whether this statute operates as a statute of limitations depends on the meaning and effect of the phrase "conclusive presumption." The ordinary meaning of conclusive is "[s]erving to end doubt or uncertainty" and "decisive." *Webster's II New College Dictionary* 233 (1995). This court has previously interpreted the term conclusive in *Wyatt v. Baughman*, 121 Utah 98, 239 P.2d 193, 196 (1951). In that case, we held that conclusive means "that which from its nature the law allows no contradiction" and "beyond question or beyond dispute." *Id.*

¶ 16 Using these definitions, if the two conditions of section 10–2–422 are met, there can be no dispute regarding the validity of the annexation. Although the validity of the annexation is irrefutable and beyond question when the conditions listed in the statute are met, the ordinary meaning of conclusive presumption leads us to conclude that the term is unrelated to the time limit for bringing an action challenging an annexation.

■ ¶ 17 In contrast, statutes of limitations speak to legal claims and when they may be brought. A statute of limitations contains phrases such as "may not bring an action," Utah Code Ann. § 78B–2–201 (2008), "actions … shall be brought," *id.* § 78B–2–303, "an action … may not be maintained,"

*id.* § 78B–2–204, or "an action may be commenced," *id.* § 78B–2–206. These phrases directly address whether an action may be filed. They have no bearing on the merits of the case or which party would prevail.

¶ 18 Section 10–2–422 does not contain any of the language one would expect to find in a statute of limitations. Rather, the conclusive presumption in section 10–2–422 affects the ability of a party challenging annexation to prevail in their challenge. Since section 10–2–422 does not establish any time within which the challenge must be brought, it is not a more specific statute of limitations provided by statute. Indeed, it is not a statute of limitations at all. Since the catch-all statute of limitations sets a four-year limit to bring a challenge if a different period is not set by another statute, any party challenging an annexation must do so within four years of the annexation. *See* Utah Code Ann. §§ 78B–2–102, –307 (2008).

¶ 19 Applying the four-year statute of limitations would lead to a practical result which would allow ample time to challenge the annexation. An action brought within the four-year statute of limitations may either concern an annexation that has satisfied the conditions of subsections (1) and (2) of section 10–2–422 or it may concern an annexation that has not satisfied those conditions. If the conditions in section 10–2–422 were not met, the conclusive presumption would not affect the merits of a plaintiff's claim. If, however, the conditions in section 10–2–422 were met, the government would receive the benefit of the conclusive presumption, and it would be impossible for the challenger to prevail on the merits of their claim. Such a result would further both the intended purpose of a conclusive presumption and the intended purpose of a statute of limitations.

## II. PURPOSE OF A CONCLUSIVE PRESUMPTION

¶ 20 An examination of the general nature of conclusive presumptions supports the conclusion that a statute providing for a conclusive presumption is not a statute of limitations. A presumption "requires the trier of fact, in the absence of evidence ... on that question, to assume the existence of an ultimate fact" from underlying basic facts. *Pilcher v. Pilcher (In re Pilcher's Estate),* 114 Utah 72, 197 P.2d 143, 150 (1948) (Wade, J., concurring) (emphasis omitted). Where the presumption is conclusive, "what is said to be the basic facts are in reality the ultimate facts and they have the same effect as though what is said to be the ultimate facts did exist." *Id.*

¶ 21 Commentators examining conclusive presumptions have also stated that "[a] conclusive or irrebuttable presumption is not a presumption at all; it is a substantive rule of law directing that proof of certain basic facts conclusively provides an additional fact which cannot be rebutted." 29 Am. Jur.2d *Evidence* § 184 (2007). Also,

[w]herever from one fact another is said to be conclusively presumed, in the sense that the opponent is absolutely precluded from showing by any evidence that the second fact does not exist, the rule is really providing that where the first fact is shown to exist, the second fact's existence is wholly immaterial for the purpose of the proponent's case....

9 Wigmore, *Evidence* § 2492 (Chadbourn rev.1981).

¶ 22 Most often, presumptions operate to give one party an opening advantage as to the burden of proof, an advantage that can be lost by a showing of contrary facts by the opposing side. In the case of a conclusive presumption, however, there is no opportunity for rebuttal. The decision to make a presumption conclusive "rests upon grounds of expediency or policy so compelling in character as to override the generally fundamental requirement of our system of law that questions of fact must be resolved according to the proof." *United States v. Provident Trust Co.,* 291 U.S. 272, 281–82, 54 S.Ct. 389, 78 L.Ed. 793 (1934). Legal presumptions set up by statute "are established ... as a matter of public policy." *Buhler v. Maddison,* 109 Utah 267, 176 P.2d 118, 122 (1947). When the Legislature includes a conclusive presumption in a statute, they are stating that the objective promoted by the conclusive presumption is of greater impor-

tance than the opportunity to present facts challenging the presumed fact.

¶ 23 Section 10–2–422 is not the only Utah statute where the Legislature has made such a choice. Several other statutes also create conclusive presumptions. *See, e.g.,* Utah Code Ann. § 7–1–602(1) (2006); *id.* § 34A–2–702(5)(c)(i) (Supp.2008). Conclusive presumptions also occur frequently in statutes regarding decisions of government entities. *See, e.g., id.* § 10–2–122 (2007) (providing a conclusive presumption in favor of the incorporation of a city); *id.* § 17B–1–217 (Supp. 2007) (providing a conclusive presumption in favor of the lawful creation of a local district); *id.* § 17C–1–504 (Supp.2007) (providing conclusive presumptions that bonds were issued for their stated purpose and that the plans for bonded urban renewal projects were formed, adopted, planned, located, and carried out as required by statute).

¶ 24 The feature common to all of the statutes providing conclusive presumptions in favor of governments is the finality they give to the government's decision. By conclusively presuming the government action is valid, these statutes express the Legislature's choice to further the goal of having an unassailable final decision over the goal of permitting relief to parties who may have been harmed by procedural flaws. Such a legislative decision gives governments confidence when moving forward with activities such as providing city services. Once the conditions are met, they can make expenditures without fear that the decision the spending is based on will be overturned. The conclusive presumption in section 10–2–422 shares the attribute of providing finality for government action found in other statutes conclusively presuming the validity of government decisions.

¶ 25 Mr. Davis's characterization of the conditions in section 10–2–422 as a mechanism for leaving the annexation open to challenge indefinitely is at odds with the goal of providing finality to government actions through conclusive presumptions. Additionally, his argument that section 10–2–422 is a statute of limitations is also at odds with the purposes of a statute of limitations.

## III. PURPOSE OF A STATUTE OF LIMITATIONS

¶ 26 While a conclusive presumption affects the substance of a claim, a statute of limitations is purely procedural and affects only the time within which a claim must be brought.

> Statutes of limitations are essentially procedural in nature and establish a prescribed time within which an action must be filed after it accrues. They do not abolish a substantive right to sue, but simply provide that if an action is not filed within the specified time, the remedy is deemed to have been waived....

*Lee v. Gaufin,* 867 P.2d 572, 575 (Utah 1993).

[15, 16] ¶ 27 The reasons for the procedural limits set by statutes of limitations are many, including preventing unfair litigation such as "surprise or ambush claims, fictitious and fraudulent claims, and stale claims." *Vigos v. Mountainland Builders, Inc.,* 2000 UT 2, ¶ 22, 993 P.2d 207. Another important purpose of statutes of limitations is preventing "the injustice which may result from the prosecution of stale claims" due to the "difficulties caused by lost evidence, faded memories and disappearing witnesses." *Lund v. Hall,* 938 P.2d 285, 291 (Utah 1997). In order to achieve these goals, statutes of limitations cut off the right to bring an action after a particular period of time.

¶ 28 In this case, Mr. Davis's interpretation of section 10–2–422 would potentially leave the annexation decision open to challenge for years if a clerical error resulted in a failure to send a tax assessment to even one landowner. This interpretation does not limit the ability of parties to challenge the annexation as a statute of limitations typically would, thus supporting the determination that section 10–2–422 is not a statute of limitations.

## CONCLUSION

¶ 29 A comparison of the text of section 10–2–422 and statutes that are obviously statutes of limitations indicates that section 10–2–422 provides a conclusive presumption that affects the substantive rights of the

parties and is not a statute of limitations. This interpretation is in harmony with both the purpose of a conclusive presumption and the purpose of a statute of limitations. Since section 10–2–422 is not a statute of limitations, we affirm the district court's holding that the catch-all four-year limitations period applies and that Mr. Davis's cause of action against Provo City should be dismissed for failure to timely file.

¶ 30 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice PARRISH concur in Justice NEHRING's opinion.