2014 UT App 54

**STATEWIDE BAIL BONDING,**
Petitioner,

v.

**The Honorable Charlene BARLOW,**
Respondent.

No. 20130452–CA.

Court of Appeals of Utah.

March 6, 2014.

---

Randall T. Gaither, for Petitioner.

Brent M. Johnson, for Respondent.

Judge J. FREDERIC VOROS JR. authored this Opinion, in which Judge MICHELE M. CHRISTIANSEN concurred. Senior Judge RUSSELL W. BENCH dissented, with opinion.[1]

VOROS, Judge:

¶ 1 This case arises from the interaction of two provisions of the Bail Surety Act. Subject to stated conditions, one provision directs the court to order forfeiture of the bail bond on the prosecutor's motion if the surety fails to produce the defendant within six months after her nonappearance. The other provision directs the court to exonerate the bond if the surety produces the defendant before judgment. Here, the surety produced the defendant after the six months had run but before judgment. Accordingly, one provision seemed to require that the bond be forfeited, the other that the bond be exonerated. The district court granted the prosecutor's motion to forfeit the bond. The surety now seeks an extraordinary writ directing the district court to exonerate the bond. We grant the writ and direct the district court to exonerate the bond.

## BACKGROUND

¶ 2 The operative facts are brief and uncontested. Pursuant to a $2,500 bail bond posted by Statewide Bail Bonding, the jail released a defendant who was awaiting trial on an assault charge. The defendant later missed a scheduled hearing. The district court informed Statewide of that fact and issued a warrant for failure to appear. Over six months later, Statewide delivered the defendant to jail for booking. The next day Statewide filed a motion to exonerate the bond. Nine days later the prosecutor filed a motion to forfeit the bond. The district court granted judgment of forfeiture without a hearing and then, after a hearing, denied Statewide's motion to set that judgment aside.

1. The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by

## ISSUE AND STANDARD OF REVIEW

¶ 3 Statewide seeks an extraordinary writ reversing the district court's order declaring the bail bond forfeited. The question before us is whether the Bail Surety Act mandates automatic forfeiture of a bail bond when a surety does not deliver a defendant within six months of the defendant's nonappearance. *See* Utah Code Ann. §§ 77–20b–101 to –105 (LexisNexis 2012).

¶ 4 Extraordinary relief may be granted where a lower court "has exceeded its jurisdiction or abused its discretion." Utah R. Civ. P. 65B(d)(2); *see also* Utah R.App. P. 19. The misapplication of a statute is an abuse of discretion warranting extraordinary relief. *See State v. Barrett,* 2005 UT 88, ¶¶ 26, 47, 127 P.3d 682. The Utah Supreme Court has "consistently held that the proper interpretation of a statute is a question of law that should be reviewed for correctness." *Id.* ¶ 14. Therefore, where a petition for extraordinary relief "presents purely legal questions, we afford the district court's conclusions no deference." *Gordon v. Maughan,* 2009 UT App 25, ¶ 4, 204 P.3d 189.

## ANALYSIS

¶ 5 We begin by analyzing the "plain language" of the Bail Surety Act. *Davis v. Provo City Corp.,* 2008 UT 59, ¶ 13, 193 P.3d 86. "[W]e assume the legislature used each term advisedly and in accordance with its ordinary meaning." *Id.* We also "read the plain language of the statute as a whole" and "interpret its provisions in harmony with other statutes in the same chapter and related chapters." *Miller v. Weaver,* 2003 UT 12, ¶ 17, 66 P.3d 592. "Our overall goal is to give effect to the legislative intent, as evidenced by the [statute's] plain language, in light of the purpose the statute was meant to achieve." *In re Adoption of Baby E.Z.,* 2011 UT 38, ¶ 15, 266 P.3d 702 (alteration in original) (citation and internal quotation marks omitted).

law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

¶ 6 Under the Act, if a defendant who has posted bond fails to appear, the court shall issue a bench warrant and "direct that the surety be given notice of the nonappearance." Utah Code Ann. § 77–20b–101(1). The court may thereafter exonerate the bond or order it forfeited.

¶ 7 The Act describes a process for exoneration of the bond. If the defendant is arrested and booked or if the surety delivers the defendant for booking, the court must—absent countervailing good cause—exonerate the bond:

> (c) If the defendant is arrested and booked into a county jail booking facility pursuant to a warrant for failure to appear on the original charges and the court is notified of the arrest, ... the court shall exonerate the bond.
>
> (d) Unless the court makes a finding of good cause why the bond should not be exonerated, it shall exonerate the bond if:
>
>> (i) the surety has delivered the defendant to the county jail booking facility in the county where the original charge is pending....

*Id.* § 77–20b–101(4)(c), (d). However, the surety may obtain exoneration of the bond only before judgment:

> The surety is entitled to obtain the exoneration of its bond prior to judgment by providing written proof to the court and the prosecutor that:
>
>> (1) the defendant has been booked for failure to appear regarding the charge for which the bond was issued....

*Id.* § 77–20b–105. No motion, hearing, or findings are required; the surety is entitled to obtain the exoneration simply by providing written proof of booking to the court and the prosecutor. *See id.*

¶ 8 The Act also describes a process for bond forfeiture. If the surety has not delivered the defendant for booking within six months of her nonappearance, the prosecutor may seek forfeiture of the bond:

> If notice of nonappearance has been mailed to a surety under Section 77–20b–101, the surety may bring the defendant before the court or surrender the defendant into the custody of a county sheriff within the state within six months of the date of nonappearance, during which time a forfeiture action on the bond may not be brought.

*Id.* § 77–20b–102(1). The court may, upon request, extend the six-month delivery window for sixty days. *Id.* § 77–20b–102(2), (3). When a surety fails to produce the defendant within the delivery window, "the prosecuting attorney may request the forfeiture of the bail." *Id.* § 77–20b–104(1). The prosecutor does this by filing a motion with the court and mailing a copy to the surety. *Id.* The court is then required to order forfeiture of the bond if it finds that four conditions are met, including that the surety failed to produce the defendant within the delivery window:

> A court shall enter judgment of bail forfeiture without further notice if it finds by a preponderance of the evidence:
>
>> (a) the defendant failed to appear as required;
>>
>> (b) the surety was given notice of the defendant's nonappearance in accordance with Section 77–20b–101;
>>
>> (c) the surety failed to bring the defendant to the court within the six-month period under Section 77–20b–102; and
>>
>> (d) the prosecutor has complied with the notice requirements under Subsection (1).

*Id.* § 77–20b–104(2).

¶ 9 Here, the sequence of events unfolded as follows: the defendant failed to appear; the six-month delivery window expired without having been extended; Statewide delivered the defendant to the jail for booking; Statewide moved for exoneration of the bond; and the prosecutor moved for forfeiture of the bond. Faced with competing motions, the district court construed the Bail Surety Act to mean that "the bond was forfeit when the six months' time expired and [Statewide] had neither produced [the defendant] to the court or the county sheriff nor filed a motion to extend." Because the defendant "was not arrested within the time limit established by statute," the district court ordered the bond forfeited.

¶ 10 Relying on the exoneration provisions, Statewide contends that it was entitled to exoneration of the bond: having delivered the defendant for booking before judgment and given notice to the court and the prosecutor, Statewide was "entitled to obtain" exoneration. Indeed, Statewide argues, the statute directs that, under these circumstances, the court "shall exonerate the bond." *Id.* § 77–20b–101(4)(c). But Respondent, relying on the forfeiture provisions, contends that she was required to order forfeiture of the bond.[2] Statewide failed to bring the defendant to court within the statutory period. Under the statute, the court was then bound to "enter judgment of bail forfeiture without further notice." *Id.* § 77–20b–104(2).

¶ 11 Both readings of the Act are plausible. "When viewing the act as a whole does not eliminate duplicative yet plausible meanings, the statute is ambiguous...." *R & R Indus. Park, LLC v. Utah Prop. & Casualty Ins. Guar. Ass'n*, 2008 UT 80, ¶ 26, 199 P.3d 917 (citation and internal quotation marks omitted). "When a statute is ambiguous, we use extrinsic interpretive tools such as policy and legislative intent to guide our analysis." *Id.* ¶ 25. As stated above, in interpreting statutes we seek to effectuate the statute's plain language "in light of the purpose the statute was meant to achieve." *In re Adoption of Baby E.Z.*, 2011 UT 38, ¶ 15, 266 P.3d 702 (citation and internal quotation marks omitted).[3]

¶ 12 The Bail Surety Act establishes procedures for apprehending defendants who jump bail. As explained, these procedures include mechanisms for both exoneration and forfeiture of bail bonds. But we agree with both parties here that the central purpose of the Act is to secure the appearance of those accused of crime. "Utah has a strong interest in seeing that fugitives from its criminal justice system are apprehended...." *Lee v. Thorpe*, 2006 UT 66, ¶ 20, 147 P.3d 443. While the Act also provides a means to forfeit bail bonds to the State, forfeiture serves the ancillary purpose of inducing sureties to advance the central purpose of the Act: apprehending those accused of crime.

¶ 13 This fundamental legislative purpose is served by allowing the exoneration of a bail bond even if the surety delivers the defendant after the statutory period has run, so long as judgment has not been entered and the prosecutor has not moved for forfeiture. This reading allows the prosecutor to extend the period for apprehending the absconder by neither seeking forfeiture nor moving the prosecution to judgment. On the other hand, reading the statute to effect automatic forfeiture after the expiration of the delivery window, without more, would eliminate any incentive for the surety to continue its pursuit of the defendant.

¶ 14 Under our interpretation, the six-month period is less a limitations period for the surety than a waiting period for the prosecutor. After a defendant jumps bail, the surety has at least six months to apprehend her, during which time the prosecutor may not seek forfeiture. Thus, in the race to exonerate or forfeit the bond, the surety is given a six-month head start.

¶ 15 Moreover, extending the apprehension period until judgment—so long as the prosecutor cooperates by not seeking forfeiture—furthers the Act's purpose because a defendant booked before judgment can still be prosecuted in the pending action. The six-month period thus makes more sense when read as the earliest date on which the prosecutor can seek forfeiture of the bond rather

2. The Honorable Charlene Barlow granted judgment of forfeiture and denied Statewide's motion to set that judgment aside. To distinguish between Judge Barlow's role as district court judge and as her role as a party before this court, we refer to her as Respondent when we relate her arguments in this case. The State made no appearance in this original writ proceeding.

3. We do so mindful that "legislation is rarely a result of an attempt to advance a single cause at all costs, and is almost always a balance of competing objectives." *Hughes Gen. Contractors, Inc. v. Utah Labor Comm'n*, 2014 UT 3, ¶ 28; *see also Stewart v. Bova*, 2011 UT App 129, ¶¶ 10–15, 256 P.3d 230 (considering both a statute's "ultimate goal" and its "method by which that goal is to be obtained" when analyzing its purpose).

than the latest date on which the surety can seek exoneration of the bond.

¶ 16 Respondent counters that under section 104, "[e]ntering a judgment of forfeiture is essentially a formality after several events have elapsed" and that in this case "the bond was immediately forfeit and the judgment simply formally recognized the forfeiture that had occurred."

¶ 17 We do not read section 104 as merely a directive for the court to formally recognize a forfeiture effectively accomplished by operation of law. Such a reading overlooks the roles of the prosecutor and the court in the forfeiture process. Section 104 states that the prosecutor "may request the forfeiture of the bail" by filing a motion and serving the surety. Utah Code Ann. § 77–20b–104(1) (LexisNexis 2012). The word *may* implies that the prosecutor alternatively *may not* move for forfeiture. If the legislature intended the running of the statutory period to work a near-automatic forfeiture of the bond, this implied grant of prosecutorial discretion would be illusory. *See In re M.M.*, 2003 UT 54, ¶¶ 7–8, 82 P.3d 1104 (interpreting a statute so as to avoid rendering terms illusory).

¶ 18 In addition, section 104 permits forfeiture only after the court "finds by a preponderance of the evidence" certain facts. *See* Utah Code Ann. § 77–20b–104(2). We agree with Respondent that as a matter of practice those facts will rarely be contested and forfeiture will typically occur as a matter of course. We thus also agree that, having found the necessary facts, the court enjoys little or no discretion to deny forfeiture. Nevertheless, the statutory requirement that specified facts be found by a preponderance of the evidence demonstrates that the court plays a necessary adjudicative role in the forfeiture process. In sum, forfeiture is not automatic.[4]

¶ 19 Because the district court applied the Bail Surety Act in a plausible but ultimately incorrect manner, Statewide qualifies for ex-

traordinary relief. Nevertheless, Respondent urges us to exercise our discretion to deny relief.

¶ 20 "The decision to grant or deny a petition for extraordinary writ is discretionary." *Krejci v. City of Saratoga Springs*, 2013 UT 74, ¶ 10, 322 P.3d 662, 2013 WL 6447985. "Unlike a party filing a direct appeal, a petitioner seeking … extraordinary relief has no right to receive a remedy that corrects a lower court's mishandling of a particular case. Rather, whether relief is ultimately granted is left to the sound discretion of the court hearing the petition." *State v. Barrett*, 2005 UT 88, ¶ 23, 127 P.3d 682. "In sum, if a petitioner is able to establish that a lower court abused its discretion, that petitioner becomes eligible for, but not entitled to, extraordinary relief." *Id.* ¶ 24.

¶ 21 We see no reason to deny relief here. By delivering the defendant for booking and requesting exoneration of its bond, Statewide fully performed before judgment and even before the prosecutor moved for forfeiture. Yet its bond was forfeited. Consequently, Statewide lost the bond amount notwithstanding having completed the performance for which the bond served as security. Conversely, the prosecutor ended up with the defendant in one pocket and the bond money in the other. This misallocation of benefits and burdens convinces us that extraordinary relief is appropriate here.

## CONCLUSION

¶ 22 For the foregoing reasons, we grant the writ. We vacate the district court's order granting forfeiture and direct it to exonerate the bond.

BENCH, Senior Judge (dissenting):

¶ 23 In denying the surety's motion to set aside the judgment of forfeiture, the respondent judge issued a thirteen-page Ruling.

---

4. Respondent also contends that the wording of the relevant statutes suggests greater discretion on the court's part in ordering exoneration than in ordering forfeiture. Specifically, section 77–20b–101(4)(c) states that if the court makes the requisite factual findings it "shall" order forfei-

ture of the bond, whereas section 77–20b–105 states that if the defendant has been booked prior to judgment the surety "is entitled to obtain the exoneration of its bond." We do not agree that this difference in wording is decisive.

Because I agree with the rationale of that Ruling, I quote the major parts of it as follows:

To decide whether forfeiture or exoneration of the bond is appropriate in this case requires the court to first review the plain language of the statute, then if the language is not plain the Court will look outside the language to the legislative history and policy of the statute. The Bail Surety statutory scheme reflects that the purpose of the statutory scheme is to provide a procedure to follow when a defendant fails to appear. A bench warrant issues, a surety has notice of defendant's failure to appear, and the surety is given time to find and produce defendant to the court or county sheriff before the bond is forfeit. The statutory scheme sets forth benchmarks for when certain acts of the court, the surety, and the prosecutor are required. For example, the clerk of the court must send the surety notice of defendant's failure to appear within 30 days, and the prosecutor cannot file a motion for bail forfeiture until six months after defendant's failure to appear or after an extension has expired. At issue here is the timing the surety has to produce the defendant to qualify for exoneration of the bond.

The Surety claims it has until judgment is entered to produce the defendant and file its motion for exoneration based upon § 77–20b–10, titled "Revocation of bond," which states:

The surety is entitled to obtain the exoneration of its bond prior to judgment by providing written proof to the court and the prosecutor that:

(1) the defendant has been booked for failure to appear regarding the charge for which the bond was issued; or

(2) the defendant is in custody and the surety has served the defendant's bond revocation on the custodial authority.

At first blush, the "prior to judgment" language appears to be inconsistent with the rest of the statute. However, upon closer review, the Court found that the plain language of the statute sets forth a clear process for the forfeiture and exoneration of bonds that is internally consistent; therefore, the Court need look no further to harmonize the sections of the statute.

The statutory scheme of the Bail Surety sets benchmarks for when certain acts of the court, the surety, and the prosecutor are required before bail is forfeit. Section 77–20b–101 requires the court to give the surety notice of defendant's failure to appear within 30 days and the prosecutor may do so within 37 days, but if the surety is not mailed such notice then a surety is "relieved of further obligation."

The next section, Utah Code § 77–20b–102 provides that if the surety has been mailed the notice of defendant's nonappearance, the surety's duty "to bring defendant before the court or surrender the defendant into the custody of a county sheriff within six months of the date of nonappearance" is triggered. Utah Code § 77–20b–102. The same section also provides that the surety may request an extension by filing a motion prior to the expiration of the six months, but the court may not grant an extension for more than 60 days and there must be good cause to do so. *Id.* This section further provides that the prosecutor cannot file a motion for bail forfeiture until six months after defendant's failure to appear or after an extension has expired.

The following section, Utah Code § 77–20b–103, provides that if a surety discovers the defendant is in the custody of authorities of another jurisdiction, then the surety shall notify the court and the prosecutor, which triggers the prosecutor's duty to decide whether to extradite the defendant within 60 days, and the exoneration of the bond.

The next section, Utah Code § 77–20b–104, provides the circumstances where the bond is forfeit, including:

(1) If a surety fails to bring the defendant before the court within the time provided in Section 77–20b–102, the prosecuting attorney may request the forfeiture of the bail by:

(a) filing a motion for bail forfeiture with the court, supported by proof of

notice to the surety of the defendant's nonappearance; and

(b) mailing a copy of the motion to the surety.

If the prosecutor files a motion for bail forfeiture, then § 77–20b–104 states:

(2) A court shall enter judgment of bail forfeiture without further notice if it find[s] by a preponderance of the evidence:

(a) the defendant failed to appear as required;

(b) the surety was given notice of the defendant's nonappearance in accordance with Section 77–20b–101;

(c) the surety failed to bring the defendant to the court within the six-month period under Section 77–20b–102; and

(d) the prosecutor has complied with the notice requirements under Subsection (1).

If no motion is filed by either the Surety or the prosecutor prior to judgment, then Utah Code § 77–20–9 provides the process for disposition of forfeitures.

To interpret the Bail Surety statutory scheme as argued by Surety would be to isolate the phrase "prior to judgment" and improperly ignore or nullify portions of the statutory scheme. "Under our rules of statutory construction, we must give effect to every provision of a statute and avoid an interpretation that will render portions of a statute inoperative." *Thayer v. Washington County School District*, 2012 UT 31, ¶ 12, 285 P.3d 1142.... If Surety had up until judgment to find and produce defendant to the court or the county sheriff, then there would be no purpose for either § 77–20b–102(1), (2) and (3), and § 77–20b–104(1). Section 77–20b–102(1), (2) and (3) provides that a surety has six months to produce defendant and may request an extension of up to sixty days prior to the six months expiring. If the surety had until judgment to produce defendant then there would be no purpose for either the six month limit, or the ability to request an extension, and there would be no need to limit the extension to be "not more than sixty days." Section 77–20b–104(1) provides the prosecutor may file a motion for forfeiture of bond after the time given under § 77–20b–102 has passed, which is six months or as extended up to 60 days. If the surety had until judgment to produce defendant then there would be no purpose for the prosecutor to file a motion for forfeiture of bond because Utah Code § 77–20–9 sets forth the automatic process for forfeiture of the unclaimed bond upon judgment. To interpret the "prior to judgment" language in § 77–20b–105 so broadly would ignore other language of the statute and would be against the plain language of the statute. The "prior to judgment" language is specific to the time the Surety has to provide

written proof to the court and the prosecutor that:

(1) the defendant has been booked for failure to appear regarding the charge for which the bond was issued; or

(2) the defendant is in custody and the surety has served the defendant's bond revocation on the custodial authority.

If the Surety fails to file written proof as required, then the bond is forfeit and disposed of pursuant to § 77–20–9. The Surety's time to find and produce the defendant to the court or the county sheriff is six months from the time of the nonappearance, or if the Surety timely files a motion to extend then as extended by the court up to 60 days.

¶ 24 I agree with the respondent judge's analysis of the relevant statutes. Therefore, I could not conclude that she exceeded her jurisdiction or abused her discretion in the context of this petition for extraordinary relief. *See* Utah R. Civ. P. 65B(d). But even if her interpretation is flawed, I would not exercise this court's discretion to grant extraordinary relief given the ambiguous nature of the statute and the reasonableness of the competing interpretations at issue in this case. *See State v. Barrett*, 2005 UT 88, ¶ 26, 127 P.3d 682 (recognizing that "the egregiousness of the alleged error is a factor that should be considered when the court reviewing the petition [for extraordinary relief] as-

sesses the propriety of exercising its discretion to grant relief"). And if the statutory scheme must be fixed, that should be done by the legislature and not by this court.

¶ 25 I therefore respectfully dissent. I would deny the petition for extraordinary relief.